1841.

Sutphen
v.
Fowler.

---

### Sutphen *vs.* Fowler.

In a suit for the specfic performance of a contract for the conveyance of land brought by the vendee against the heir at law of the vendor, where it appeared that the vendor had died insolvent and indebted to the vendee; *Held*, that the vendee was entitled to have such debt offset against a balance due for the purchase money.

The court of chancery may decree the specific performance of a contract for the sale of lands lying in another state, where the party who is to make the conveyance is within the jurisdiction of the court, and has been served with process.

And where the defendant in such a suit is an infant, the proper decree is that he convey the legal title to the premises when he arrives at the proper age to enable him to do so, according to the laws of the state where the property is situated; and that in the meantime the vendee be permitted to receive and retain the possession of the property.

Where an infant heir, against whom a specific performance is asked, has derived no property except that which he is decreed to convey, from the person from whom the premises have descended, the costs of the guardian ad litem of the infant must be paid by the complainant.

So where an infant trustee is required to transfer the legal title, under an order of the court of chancery, the cestui que trust must pay the necessary expense of the proceedings to obtain such transfer.

August 23.

THE bill in this cause was filed against the infant child and heir of Coenrad Fowler, deceased, for the specific performance of a contract for the sale and conveyance of lands in the state of Michigan. In May, 1836, the decedent entered into a written agreement to sell and convey to

1841.

Sutphen
v.
Fowler.

the complainant, the eighth of a section of land in the state of Michigan, for the consideration or price of $250; of which sum $200 was paid down. The residue of the consideration was to be paid on the first of January thereafter; upon payment of which the decedent was to convey the premises to the complainant, with warranty. The decedent, at the same time, received from the complainant the further sum of fifty dollars for the purpose of buying or locating forty acres of land adjoining the other eighty acres, in the name and for the benefit of the complainant. But a few months after the receipt of this money, and the making of the contract of sale, C. Fowler died, without having conveyed the premises to the complainant, and without applying the fifty dollars to the object for which it was received. He left the defendant, then an infant about three years of age, his only heir at law; which infant, then and at the time of filing the bill in this cause, was a resident of this state. And the decedent being entitled to a conveyance of the legal title to the premises, at the time of his death, such title was subsequently conveyed to the defendant in fee, as such heir at law, by the person who then held the same. The complainant thereupon filed his bill for a specific performance; and to have the $50, which was in the hands of the decedent at the time of his death, offset or applied to the extinguishment of the residue of the purchase money due on the contract. The infant put in a general answer by her general guardian; and upon a reference to ascertain the truth of the allegations set forth in the complainant's bill, the master reported them as above stated. The cause was submitted upon the pleadings and master's report.

*L. Sherwood*, for the complainant.

*M. W. Brown*, guardian ad litem for defendant.

The Chancellor. The complainant is clearly entitled to a decree for a specific performance. And as the personal

estate of the decedent is not sufficient to pay the debts, it is proper that the $50 received by him for another purpose, and not applied as intended, should be set off or applied in satisfaction of the same amount which remained due on this contract. The only difficulty, therefore, in making a perfect title to the premises, to the complainant, immediately, arises from the fact that the heir at law is an infant, and that the lands to be affected by the decree are not within the jurisdiction of the court. But it is perfectly well settled that this court has jurisdiction to decree the specific performance of a contract for the sale of lands in another state, where the person of the defendant is within the reach of its process. (*The Earl of Arglasse* v. *Muschamp*, 1 *Vern. Rep.* 77, 135. *Farley* v. *Shippen*, *Wythe's Rep.* 135. *Massie* v. *Watts*, 6 *Cranch's Rep.* 148. *Penn* v. *Lord Baltimore*, 1 *Ves. sen.* 444.)

In this case the heir at law is not only within the jurisdiction of the court but she appears to be domiciled here. If she was of age, therefore, there would be no difficulty in compelling a specific performance of the contract; by a decree directing her to give such a conveyance of the premises as would be effectual to transfer the legal title to the complainant according to the *lex loci rei sitæ*. Considering the age of the defendant, a decree by the court of chancery of the state of Michigan, where the land is situated, would perhaps have been more beneficial to the complainant; as this court cannot sequester the property, or put him in possession thereof by its process. But the court may decree a specific performance of the contract, and direct a conveyance by the infant when she arrives at the proper age to enable her to transfer the legal title according to the laws of Michigan; and may authorize him to take and to retain the possession of the premises, until that time, if he can obtain possession thereof without suit. In the meantime the court may grant a perpetual injunction, restraining the defendant from disturbing the complainant in such possession; or from doing any act whereby the title

shall be transferred to any other person, or in any way impaired or incumbered.

The complainant is entitled to a decree accordingly. But the bill shows there is no property which has come to the infant, whereby she ought to be charged personally upon the contract of her father or subjected to costs, and as she holds the premises in question as a mere trustee for the complainant, the costs of the guardian ad litem of the defendant must, of necessity, be borne by the complainant. In this respect it is like the case of an infant trustee, who is called upon to convey, under the statute ; in which case the *cestui que trust* must pay the necessary expenses of the proceedings. (*Ex parte Pearse, Turn. & Russ. Rep.* 325.)