Scott *v.* Shepherd *et ux.*

---

DAVID SCOTT, plaintiff in error, *v.* AMIEL SHEPHERD *et ux.* defendants in error.

### *Error to Peoria.*

No rule is better settled, than that a party cannot compel the specific performance of a contract in a Court of Equity, unless he shows that he himself has specifically performed, or can justly account for the reason of his non-performance.

If a party seeking to enforce a specific performance wishes to set off against the amount to be paid by him an indebtedness to him from the other party, he should lay the proper foundation for it in his bill, or he cannot be relieved.

BILL for a specific performance, &c., in the Peoria Circuit Court, brought by the plaintiff in error against the defendants in error, and heard before the Hon. John D. Caton, at the May term 1845, when a decree was rendered, dismissing the bill and directing each party to pay their own costs.

So much of the bill as is material to the determination of this suit appears in the Opinion of the Court.

*H. O. Merriman,* for the plaintiff in error.

*O. Peters,* for the defendants in error.

I. This bill was properly dismissed by the Circuit Court, because it does not show a case for the relief prayed for.

In a bill for a specific performance, it must show clearly that the party is entitled to the relief sought, and unless it is thus clearly shown the bill will be dismissed.

The objections to the bill in this case are:

1. The original bill charges payment in cash and turns made by purchasing up the debts of Shepherd, but does not show how much in cash, or how much in claims thus purchased; it leaves the whole uncertain, and the defendant could not be apprised of what he had to meet; and

2. The amended bill alleges payment to Shepherd and to others on his account, and specifies claims against Shepherd paid by him, (Scott,) amounting to $93·43. But it does not specify when, how, or in what manner the residue was paid. The bill is too indefinite and uncertain.

II. The verdict finds that an amount less than the purchase money, was paid to Shepherd, and for demands against him purchased by Scott under the agreement. This is also decisive of the whole case, unless the complainant has a right to set off, or treat the indebtedness of Shepherd to him as payment of the purchase money. I cannot find that this question has been distinctly settled.

But there are certain well settled and recognized principles, that would seem to be decisive of it.

A Court of Equity will not make contracts for parties, but will only enforce that which the parties have themselves made.

A party to entitle himself to relief must have shown himself "ready, desirous, prompt and eager" to perform the contract on his part. He must perform or offer to perform on his part according to the terms of his agreement. *Doyle* v. *Teas,* 4 Scam. 204, *et seq.*

If he agrees to pay the money, or a horse, or notes, he must perform according to his agreement. The vendor may,

and in many cases, does make a sale to pay a particular debt, or from pressing necessity to get cash, and it would not only be unjust, but most oppressive to a party to compel him to receive payment different from the terms of the contract. A debtor may prefer his creditors. But if a creditor can agree to purchase land, and thus turn the indebtedness of the vendor to him in payment, he may, by his own fraud, defeat this right of a debtor to prefer.

Granting relief is in the sound discretion of the Court, and the Court will not grant relief to a party who has not himself acted fairly. 2 Story's Eq. Jur. 79, § 769; 1 Sug. Vend. 91.

The Opinion of the Court was delivered by

KOERNER, J. In December, 1842, Scott, the complainant below and plaintiff here, filed his bill of complaint against the defendant Shepherd and wife, for a specific performance in the Circuit Court of Peoria county, waiving an answer under oath on the part of defendants.

The defendant answered separately, and upon the coming in of the answers, the complainant filed an amended bill, to which Shepherd answered, and the complainant then replied generally to all the answers.

Upon final hearing at the May term of the Peoria Circuit Court, A. D. 1845, the Court dismissed the complainant's bill, and ordered that each party pay their own costs. This decision is now assigned for error.

It is unnecessary to set out at large the allegations in the pleadings of the parties. Suffice it to say, that Scott alleged that Shepherd and wife agreed to make him a warranty deed for a certain tract of land, provided he, (Scott,) would first pay to Shepherd the sum of two hundred and seventy five dollars, which might be done by paying outstanding debts against Shepherd; that he, (Scott,) did make payments to Shepherd, and also paid outstanding claims, amounting together to more than the purchase money, and that the defendants have refused to make the deed according to agreement. The complainant also alleged the insolvency of the defendant.

These and many other allegations not material to be set out here, being wholly or in part denied by the answers. The Court directed the forming of feigned issues, to ascertain the truth of the matter. The jury found most of the issues for the plaintiff, and amongst others, the fact of insolvency. As to the fact of payment by Scott they found specially, that the amount of $208·00 was paid by Scott by special agreement between the parties, to apply on the land contract; that Shepherd is indebted to Scott by special agreement on various other accounts in the sum of forty-five dollars, but that this indebtedness was not to be applied towards the payment for the land.

It does not appear that the Court had any other different evidence before it, upon which to found its decree. The verdict of the jury, although not absolutely binding on the Chancellor, was certainly, in the absence of all other testimony, sufficient evidence for him to deny the prayer of the complainant. It showed a non-compliance on his part with the contract as it is stated by himself. The difference in the sum which had actually been paid by Scott and which he was to have paid, was quite small, yet this does not alter the principle which governs such cases. No rule is better settled than that a party cannot compel the specific performance of a contract in a Court of Equity, unless he shows that he himself has specifically performed or can justly account for the reason of his non-performance. To cite authorities for a proposition so well established would be superfluous. It is said, however, by complainant's counsel, that under the circumstances of the case he is entitled to set off, and to treat the indebtedness of Shepherd to him as payment of the purchase money, and several authorities have been cited in support of this proposition. In 9 Paige, 280, (*Sutphen* v. *Fowler*,) I find a case very similar to the present. There Sutphen filed a bill for specific performance, the conveyance of a piece of land, against the heir of Fowler. Sutphen had paid down $200·00 of the purchase money, and was to have paid the balance of $50·00 at a future day to Fowler. At the same time, he paid to Fowler fifty dollars to be applied by Fowler to purchase forty acres adjoining the land pur-

chased. Before the time for the payment of the $50·00 had arrived, and before Fowler had applied the $50·00 received by him to the purchase of said land, Fowler died insolvent. The Chancellor decided that the complainant was clearly entitled to a decree for a specific performance; that as the estate was insolvent, it was proper that the $50·00 received by Fowler for another purpose, and not applied as intended, should be set off or applied in satisfaction of the same amount which remained due upon this contract.

We are not disposed to deny that under certain circumstances, the principle laid down in the case just adverted to should find its proper application. It seems to comport with a due sense of justice and equity. But in order to apply it, the party must lay a foundation for it in his bill. As before observed, Scott contends in his bill and amended bill that he paid Shepherd in cash and to others for him, and on his request more than the amount of purchase money, specifying particularly what sums he had paid to others and to whom, and not charging that there were other claims which he had on the defendant, not specially to be applied on the purchase money. The proof, therefore, that he had paid $208·00 on the contract, and that the defendant was indebted to him to an amount which added to that sum was more than he was to have paid, did not correspond with the case made by him.

While we regret that for so slight a discrepancy in the proof and the allegations the complainant should have been turned out of Court, when from the whole case it appears that the equity was on his side, we cannot, without a manifest violation of a stern rule of law, afford him the desired remedy.

The Court below was justified in its decision, and the decree must be affirmed with costs.

*Decree affirmed.*