---
Swartwout *v.* Burr.
---

---

SARATOGA SPECIAL TERM, September, 1847.
*Paige,* Justice.

### SWARTWOUT *vs.* BURR.

Where a party makes a contract for the sale of land, and dies before the performance of the contract, leaving an only child as his heir at law, who is a lunatic, a court of equity has power to decree a specific performance of the contract, and to direct the committee of the lunatic to execute all necessary conveyances, for the purpose.

Costs of a suit, to compel the specific performance of a contract, cannot be allowed to the plaintiff, where no application has been made by him to the defendant, previous to the filing of the bill, to carry the contract into effect, and there has been no refusal or neglect on the part of the latter, to execute the contract; and where the defendant has not been guilty of any improper conduct, and has not improperly resisted the plaintiff's claim to a specific performance.

Where a bill for a specific performance of a contract, is filed against the heir of the party who made the contract, and such heir is a lunatic, neither the lunatic, nor his estate, can be charged with the costs of the suit.

Where a contract is made for the sale of land, the vendor is, in equity, immediately deemed a trustee for the vendee, of the real estate, and the vendee a trustee for the vendor, of the purchase money. The vendee is treated as owner of the land, and it is devisable and descendible as his real estate. The money is treated as the personal estate of the vendor, and is subject to the like modes of disposition by him, as other personalty, and is distributable in the same manner, on his death.

The trust in the vendor, for the vendee in such a case, attaches to the land, and binds the heirs of the former.

And if the vendor dies, before the execution of the contract, by the conveyance of the land and the payment of the purchase money, the purchase money must be paid to the personal representatives of the vendor.

IN EQUITY. The bill in this case was filed to compel a specific performance of a parol agreement, made by Jonathan

Swartwout *v.* Burr.

Burr, deceased, with the plaintiff, for the conveyance, by Burr, to the plaintiff, of a parcel of land in Wilton, Saratoga county. The bill alleged that Jonathan Burr held a mortgage against the plaintiff, on the premises, which were owned by the plaintiff, for eight hundred dollars; and that Burr, on the 29th of August, 1843, commenced proceedings, under the statute, to foreclose the same; and that previous to the sale of the premises, Burr entered into a verbal agreement, with the plaintiff, by which Burr agreed that he would, after the sale under the statute foreclosure, convey the premises to the plaintiff; and, by such agreement, in consideration thereof, the plaintiff agreed to pay the costs of the foreclosure, in cash; and to give a bond and mortgage to Burr, for the principal and interest due on the mortgage then being foreclosed, payable at such time or times, as should be fixed by Burr, with interest to be paid annually; and that by such agreement, the plaintiff was to continue in, and retain the use and possession of the premises. That, on the 2d day of December, 1843, the premises were sold at public auction, by virtue of such statute foreclosure, and the same were bid in by Burr, for one hundred dollars. The bill also alleged, that the plaintiff, in pursuance of such agreement, on the 8th of January, 1844, paid the costs of the foreclosure, in cash; that the plaintiff, shortly after the payment of such costs, requested Burr to convey the premises to him, on receiving the bond and mortgage mentioned in the verbal agreement; that Burr, when such request was made, told the plaintiff, that he would execute a conveyance in pursuance of such agreement, but could not then do it, on account of his ill health; and that Burr then promised to inform the plaintiff, when he should be ready to carry into effect the agreement; but that he never informed the plaintiff that he was ready to execute the agreement; and that Burr died, in November, 1844, without having performed such agreement. The bill also alleged, that the plaintiff, ever since the sale under such statute foreclosure, has retained and continued in the possession of the premises; and that no rent was ever demanded, for the occupation thereof, by Burr. That Burr left him surviving Charles Burr, his only

child and heir at law ; that said Charles Burr was, by a decree of the court of chancery, on the 9th of December, 1844, declared a lunatic ; and that John Cramer was appointed the committee of his estate. The lunatic, Charles Burr, by his committee, put in an answer, alleging ignorance of the verbal agreement set forth in the plaintiff's bill, denying the material facts mentioned therein, and submitting the rights of the lunatic to the protection of the court. The proofs taken in the cause established the making of the agreement set forth in the bill, and all the other material facts alleged therein ; except the allegations, that the plaintiff requested Jonathan Burr to convey the premises to him, in pursuance of the agreement, and that Burr declined, at the time, to execute such conveyance, and that he never afterwards informed the plaintiff that he was ready to execute the same to him. It was proved that the plaintiff had, since the mortgage sale, made improvements on the premises, to a considerable extent. The personal representatives of Jonathan Burr were not made parties to the bill.

*E. F. Bullard*, for the plaintiff.

*Charles Cramer*, for the defendants.

PAIGE, J. The facts of this case take the parol contract, set forth in the plaintiff's bill, out of the statute of frauds; and entitle the plaintiff to a decree for a specific performance of such contract. There is clear and satisfactory proof of the contract for the conveyance of the premises in question, by Jonathan Burr to the plaintiff; and the part performance of the contract is sufficient to take it out of the statute. A part of the consideration money was paid, possession was taken, and valuable improvements made, under the contract. (*Parkhurst* v. *Van Cortland*, 14 *John.* 15. 2 *Caines' Cas. in Err.* 87. 1 *John. Ch.* 131. 2 *Id.* 273.)

The court is authorized to decree, that the committee of Charles Burr execute and deliver to the plaintiff, a conveyance

of the premises in question, in pursuance of the parol contract set forth in the bill of complaint. (2 *R. S.* 55, §§ 19, 20, 22. *Id.* 194, § 169.)

The principal question in the case is, whether the plaintiff is entitled to a decree for costs, to be paid out of the estate of Charles Burr, the lunatic. If the allegations in the bill, that the plaintiff had applied to Jonathan Burr, during his life, for a conveyance of the premises, in pursuance of the agreement, on his receiving the bond and mortgage which the plaintiff was required to give, on the delivery of the deed to him by Burr, and that Burr declined, when so applied to, to convey the premises to the plaintiff, had been proved, I should have had no hesitation in allowing the plaintiff the costs of this suit. Costs of a suit to compel a specific performance of a contract, cannot be allowed to the plaintiff, where there has been no application by him to the defendant, previous to the filing of the bill, to carry the contract into effect, and no refusal or neglect on the part of the latter to execute the contract; and where the defendant has not been guilty of any improper conduct, and has not improperly resisted the plaintiff's claim to a specific performance. In *Dyer* v. *Potter*, (2 *John. Ch.* 152,) where a bill was filed against the heirs and trustees of the vendor, for a specific performance of a contract to convey land, there having been no improper behavior on the part of the defendants, and they having interposed no unjustifiable defence, a specific performance was decreed; but the defendants were not charged with the costs of the suit. In *Keisselbrack* v. *Livingston*, (4 *John. Ch.* 144,) a specific performance was decreed, with costs against the defendant; but there, the defendant had refused to execute the agreement, previous to the filing of the bill. (*Hanson* v. *Lake*, 2 *Younge & Coll. Ch. Cas.* 328.)

As a general rule, a party coming into court to redeem mortgaged premises, pays costs to the defendant, although he obtains the relief prayed for. But, if he applies to the mortgagee before filing his bill, to be allowed to redeem, and the mortgagee refuses to permit him to do so, or improperly resists his claim to redeem, the mortgagee may be compelled to pay costs to the

complainant. (1 *Paige*, 617. *Id.* 48. 4 *Id.* 527.) Where
an infant trustee is required to transfer the legal title, under an
order of the court of chancery, the cestui que trust must pay
the expense of the proceedings, to obtain the transfer. (*Sutphen*
v. *Fowler*, 9 *Paige*, 280.) The lunatic, Charles Burr, is in
equity a trustee of the premises in question, for the plaintiff.
And a lunatic is entitled to the same protection as an infant.
But if the plaintiff was entitled to costs, I think his claim for
costs would be against the personal representatives of Jonathan
Burr; and they are not parties to the suit. Where a contract
is made, for the sale of land, the vendor is in equity immedi-
ately deemed a trustee of the vendee, of the real estate, and the
vendee a trustee for the vendor, of the purchase money. (2
*Story's Eq. Juris.* § 1212. 6 *John. Ch.* 402, 405.) The ven-
dee is treated as owner of the land, and it is devisable and
descendible, as his real estate ; and the money is treated as the
personal estate of the vendor, and is subject to the like modes
of disposition by him as other personalty, and is distributable,
in the same manner, on his death. (2 *Story's Eq. Juris.* § 1212.
6 *John. Ch.* 402. 3 *Id.* 316.) The trust in the vendor, for the
vendee, attaches to the land and binds the heirs of the vendor.
(2 *Story's Eq. Juris.* § 790. 6 *John. Ch. Rep.* 402. 3 *Id.* 316.)
The purchase money in this case, being, in equity, personal es-
tate of the vendor, the bond and mortgage to be given to secure
the payment of such money, belongs to such personal estate.
If the plaintiff would have had a claim for costs against Jona-
than Burr, had he been the defendant, such claim, since his
death, can only be preferred against his personal estate ; as the
heir at law is not in default ; and, as the personal representa-
tives of Jonathan Burr are primarily liable for any damages
sustained by the plaintiff in consequence of Jonathan Burr's
violation of the contract, which the plaintiff is, either in equity
or at law, entitled to recover. As the bond and mortgage to be
given by the plaintiff, belongs to the personal representatives of
Jonathan Burr, if the objection had been taken by the defen-
dant, in the answer, or on the hearing, that such representa-
tives had not been made parties to the suit, the cause must

'have stood over, until the plaintiff had made such representatives parties.

It must be referred to a referee, to ascertain the amount due from the plaintiff, for the purchase money of the premises mentioned in the bill of complaint, with interest, according to the terms of the parol agreement set forth in such bill; to settle the terms of the bond and mortgage to be given for the amount reported due ; and to fix the time and times, when the sum, to be secured by such bond and mortgage, ought to be made payable. And on the coming in and confirmation of the report of such referee, the plaintiff must execute and deliver to the personal representatives of Jonathan Burr, such bond and mortgage ; and the defendant John Cramer, as the committee of the lunatic Charles Burr, must convey the premises to the plaintiff, by a good and sufficient deed, to be settled by such referee ; and such referee must summon the personal representatives of Jonathan Burr, as well as the parties to this suit, to attend the hearing before him. And neither of the parties to this suit is to be allowed costs, as against the others.

