## A. P. YOURIE, &c., *vs.* NELSON & others.

### April Term, 1874.

COUNSEL FEES—POWER OF COURT.—The Chancery Courts, in this State, are authorized, either at the instance of the suitor, or, in proper cases and upon proper proceedings, of the counsel, to ascertain the reasonable compensation of counsel for professional services in pending cases.

SAME—DUTY OF TRUSTEE, GUARDIAN, ETC.—It is the duty of Trustees, guardians, and next friends of persons under disability, to make a contract with

counsel for professional services, or agree with him as to his compensation, and such expenses fall under the head of the just allowances to which such fiduciaries are entitled, and properly come up on the settlement of their accounts.

SAME, WHERE THERE ARE NO FUNDS OF THE WARD.—If there is no fund belonging to the ward, the costs which can be awarded a fiduciary are ordinarily only the taxable costs, but this court may provide reasonable compensation for guardians *ad litem* in the nature of a tax fee.

SAME.—Where the litigation grew out of an exchange of property by a lunatic, who caused the property given in exchange to be conveyed to a trustee in trust for his wife and children, and the insanity was brought about by habits of intoxication, and was not so obvious as to justify the trustee in surrendering the property without a struggle, the expenses of the trustee, including reasonable compensation of his counsel, were held to be a just allowance, and proper charge on the property of the lunatic, upon a recission at his instance after restoration to his senses.

*W. D. Covington,* for complainant.

*M. Vaughn,* for Fussell's wife and children.

*J. A. Cartwright,* for defendants.

THE CHANCELLOR :—James O. Fussell sold the tract of land on which he lived, and on the same day, with the proceeds of sale in part, bought another tract of land, causing the title of the latter to be made to a trustee in trust for his wife for life, and after her death to his children. He was shortly afterwards found to be a lunatic under regular proceedings instituted for the purpose, and this bill was filed by his committee or guardian to have the sales and conveyances mentioned set aside because made by him when of unsound mind. His wife and infant child were made parties defendant, and a solicitor of this court appointed as guardian *ad litem* to represent the infant, and the same solicitor filed an answer for the wife, and diligently attended to the interests of both. Pending the litigation, Fussell recovered his senses, and was permitted to take charge of the case, and, upon final hearing, the conveyances were set aside as made by him while of unsound mind, and the parties placed in *statu quo*. In the final decree, a reference was made to the clerk and master to ascertain and report what would be reasonable compensation to the solicitors of the guardian and lunatic, and also to the solicitor of the wife and guardian *ad litem* of the infant child for professional services. The clerk

and master reports $200 as reasonable allowance to the so-
licitors of complainant, and the same amount to the solicitor
who appeared for the wife and as guardian *ad litem* of the
infant. The latter allowance has been excepted to on the
ground that neither the married woman nor the infant has
any funds or property in court, out of which to pay the
same, and because the clerk and master has not separated
the amount of compensation due to the solicitor as guardian
*ad litem*. No exception is taken to the amount of the allow-
ance, which is certainly low for the services rendered.

No exception has been filed to the report so far as it fixes
the compensation of complainant's solicitors, and, perhaps,
none could be successfully urged. The services were ren-
dered partly upon a retainer by the guardian of the lunatic,
and partly at the instance of the lunatic himself after he
had recovered his senses. Strictly speaking, the compensa-
tion under the retainer of the guardian, should be settled
with him, it being his duty, as it is the duty of every trus-
tee, to make a contract with his counsel, and agree upon the
rate of compensation, and the question of allowance properly
comes up on the settlement of his accounts. All fair expenses
beyond taxed costs are allowed trustees, guardians, or next
friend of infants under the general head of just allowances.
*Fearns* v. *Young*, 10 Ves. 184; *Crump* v. *Baker*, 18 Ves.
285. But the court sometimes permits the allowance to be
made upon application of the solicitor, to prevent circuity,
although in the form of "just allowance" to trustee, guar-
dian, or next friend for whom the solicitor is acting, as was
done in *Stewart* v. *Hoare*, 2 Bro. C. C., 663; and there can
be no doubt that it is within the general jurisdiction of the
court in England, upon application of the client, to tax so-
licitors' bills; *Bignol* v. *Bignol*, 11 Ves. 328; Earl of Ux-
bridge, *ex parte*, 6 Ves. 425; and in this state, to ascertain
the reasonable fees of counsel, either at the instance of the
client, or, in proper cases and upon proper proceedings, of
the counsel. *Hunt* v. *McClanahan*, 1 Heisk. 503.

The exceptions raise questions of far more difficulty. The

power to declare a lien upon property *sub judice*, necessarily implies the existence of such property.   If, in fact, there be no fund, there is nothing on which to rest the jurisdiction. Ordinarily, too, if there is no fund, the costs awarded a trustee, etc., will only be the costs between party and party. 2 Dan. Ch. Pr. 1,512.   But this rule is not without exception.   *Edenborough* v. *Archbishop of Canterbury*, 2 Russ. 93.   Ordinarily, too, the taxable costs alone of a guardian *ad litem* can be allowed out of funds which belong to others. *Union Ins. Co* v. *Van Renssellaer*, 4 Paige, 87 ; 2 Hoff. Ch. Pr. 74 ; *Gott* v. *Cook*, 7 Paige, 544.   In this last case, Ch. Walworth says :  "The infant children of Mrs. Kane, having no vested interest in the estate, there is nothing out of which any counsel fees for them can be allowed.   And the court is not authorized to charge a fund which may eventually all belong to others, with anything more than the taxable costs of their guardian *ad litem*."   But the court may provide reasonable compensation for guardians *ad litem*.   *Walker* v. *Hallet*, 1 Ala. 379 ; *Sutphin* v. *Fowler*, 9 Paige, 280. Infants might otherwise be unprotected.   I am of opinion, and have in one or two cases considered that I was authorized to fix the compensation of the guardian *ad litem*, and allow the same to be charged as taxable costs.   But it is obvious that such allowances cannot be measured by the standard of ordinary professional services.   It is more in the nature of a tax fee formerly allowed in this state, of from $5 to $10, and now allowed by act of Congress in the U. S. courts of from $10 to $20.

In this case, however, there is another element that has to be taken into consideration.   The complainant Fussell caused the conveyance of the land bought to be made to a trustee for the benefit of his wife and children.   Although the conveyance has been set aside on the ground of the unsoundness of mind of Fussell at the time, yet the insanity was not so striking and obvious as to require the trustee to give up the property without a struggle.   The proof, on the contrary, was conflicting and doubtful, the unsoundness of

mind brought on by habits of intoxication, and the consideration of the trust conveyance highly meritorious. If the conveyance had been directly from the husband, it is almost certain the court would have refused to set it aside under *Birdsong* v. *Birdsong*, 2 Head, 297. Under these circumstances, the trustee ought to be protected, and, in the language of Lord Eldon, in *Fearns* v. *Young*, 10 Ves. 184, "he is entitled, not only to his costs, but also to his charges and expenses under the head of just allowances." As between him and the husband, the latter ought not to be reinstated in all his rights until he has paid all charges and expenses. The exceptions must be overruled, and the report confirmed.