Bt the Court. —Speir, J.
The learned judge has found all the issues of fact, made by the pleadings in favor of the plaintiffs ; and it is quite clear that the-evidence fully justifies his conclusions.
The question principally discussed by the counsel, is whether the court has jurisdiction of the subject-matter of the action. The land was situated in New Jersey ; the contract was made in New Jersey ; the defendant, resides in the state of New Jersey. The contract was to-be performed in the city of New York. Counsel for the-appellant concedes that this court has as full and complete jurisdiction as that of the supreme court. This-jurisdiction, moreover, is established by the act of 1873,. chapter 239.
It will not be denied but that such a jurisdiction existed in the late court of chancery, nor that the same-passed, to the supreme court by the provisions of the-present constitution. In this respect the jurisdiction of this court can not be questioned. That concession could not be avoided consistently with a settled course *407 of adjudications. The appellant’s counsel claims that the courts have never made decrees affecting land, unless the land was within the jurisdiction, or some evidence of title, or the contract was made within the jurisdiction, or the parties to be affected were residents within the jurisdiction.
A court of equity has uniformly decreed the performance of the sale of lands lying in another state, where the party who is to make the conveyance is within the jurisdiction of the court, and has been served with process, and is therefore competent to make a decree respecting the delivery of the deed according to the contract of sale, to be enforced by process in personam (Shuttrick v. Cassidy, 3 Edw. Ch. R. 152; Sutphen v. Fowler, 9 Paige, 280).
It also has power to compel a judgment debtor residing out of the state, after obtaining jurisdiction by process, to execute a conveyance of lands in another state for the benefit of creditors (Bailey v. Rider, 10 N. Y. 363).
It is enough to say that the provisions of the code are not applicable, when land which is the subject of the action lies out of the state (Newton v. Bronson, 13 N. Y. 587).
The judgment should be be affirmed, with costs.
Monell, Ch. J., and Cuktis, J., concurred.