Dorsey v. Hall.

GEORGE W. DORSEY, APPELLANT, V. ROBERT T. HALL AND OTHERS, APPELLEES.

1. **Pleading.** Where a legal deduction or conclusion of law contains a fact constituting a cause of action, or one which is essential to enable the plaintiff to maintain his cause of action, the defendant may move to have the petition made definite and certain, but cannot strike out such matter as redundant and irrelevant.

2. **Trusts.** Where a contract is made for the sale of real estate, equity considers the vendor as a trustee of the purchaser for the estate sold, and the purchaser as a trustee of the purchase money for the vendor.

3. ———. And the trust in such cases attaches to the land and binds the heirs of the vendor. And a subsequent purchaser from either the vendor or vendee, with notice, becomes subject to the same equities as the party would be from whom he purchased.

4. ———: VENDOR AND VENDEE. Where a vendor in pursuance of the contract has conveyed certain real estate to the assignee of the vendee it is questionable if a mere judgment creditor or a purchaser, with notice, can question the validity of the trust created by the contract of sale.

5. **Judgment.** A judgment upon real estate is subject to all prior equities, legal or equitable.

6. **Mortgages.** Every kind of property, real or personal, which is capable of absolute sale, may be mortgaged.

THIS case came up from Cuming county. Heard there upon a demurrer to the petition before VALENTINE, J.; demurrer sustained and cause dismissed. Plaintiff appeals.

*Uriah Bruner* and *R. F. Stevenson*, for appellant.

I. Paragraph 10 in plaintiff's petition was improperly struck out, for the facts stated therein are essential to the plaintiff's title to entitle him to maintain his action and obtain relief. No facts are properly in issue

unless charged in the petition, and no relief can be granted for matters not charged therein, although they may be apparent in other parts thereof. Such statement of facts is necessary to apprise the defendant what the suggestions and allegations are, against which he is to prepare his defense. Story Eq. Pl., 257. Cooper Eq. Pl., 5, 7. *Crocket v. Lee*, 7 Wheat., 522, 525. *Jackson v. Ashton*, 11 Peters, 220. *James v. McKernon*, 6 Johns., 564. *Piper v. Douglas*, 3 Gratt., 371.

II. James Gallen, by and with the advice and consent of Winyall, bought all of Hall's interest in the partnership of Messrs. Hall and Winyall, including in said purchase his said interest to the said city lots, which said city lots were owned by the said partnership of Hall and Winyall as partnership property for the uses and purposes of said firm, and on which they carried on the livery business. *Fowler v. Bailey*, 14 Wis., 125. Gallen could in no event have obtained a deed from Neligh for his said interest to said lots, except by recognizing Hall's ownership thereto and by purchase from him as aforesaid; for Neligh was bound as trustee to deed to the parties that Messrs. Hall and Winyall, the *cestui que trusts*, directed, and for their interest, and a conveyance not executed in accordance with the terms of said trust would have been utterly void, so far as obtaining title thereto for the grantee himself. 2 Spence's Eq. Jur., 310. 2 Lead. C. Eq., 108. Story Eq. Ju., 1257, 1268. Gallen having obtained his deed by reason of this bargain with Hall, will be estopped from claiming said title by purchase or otherwise from Neligh. A purchaser cannot set up an outstanding title against the vendor in *bar* of a proceeding by the latter to compel payment of the purchase money. Bigelow on Estop., 2d Ed., 382, 383, and note 2. A purchaser from a trustee, with notice of the trust, stands in the place of his

vendor and is as much a trustee as he was.  2 Lead. Cas. Eq., 1108.  *Galloway v. Finley*, 12 Peters, 264, 205. *Bush v. Marshall*, 6 How., 284, 291.

*Crawford & McLaughlin*, for appellees.

No brief on file.

· MAXWELL, CH. J.

On the first day of May, 1877, the plaintiff commenced an action in the district court of Cuming county to foreclose a certain mortgage executed by Robert Hall, Kate H. Hall, his wife, and David H. Winyall and Lina D. Winyall, his wife, to Thomas Wilson, on the fourth day of October, 1875, upon the north-west quarter of section fourteen, in township twenty-three, range five east; and also upon parts of lots 13, 14, 15, 16, and 17, in block thirty, in the city of West Point, to secure the payment of the sum of $1,950, according to the tenor of three promissory notes accompanying said mortgage, the last of which notes, calling for the sum of $1,200, was due and payable on the first day of April, 1877, which note was duly assigned by the said Wilson to the plaintiff, who brought this action thereon.

The petition alleges that in the year 1873 John D. Neligh sold to Thomas Wilson lots 13, 14, 15, 16, and 17, in block 30, in the city of West Point, and that in pursuance of said contract of purchase said Wilson on or about the first day of September, 1873, took possession of said lots and erected thereon a large livery and feed stable; that under the contract Neligh was to hold the legal title to said premises in trust for said Wilson, until said Wilson or his assigns should request a deed for said premises.  It is also alleged that on the first day of October, 1875, Wilson sold the premises in question to Robert Hall and David H. Winyall, and took the mort-

gage in question from said parties, said Neligh still continuing to hold the legal title to said lots.

On the twenty-sixth day of August, 1876, Hall sold his interest in said premises to James Gallen, who had actual notice of the existence of the mortgage; and on the same day Neligh and wife, *in pursuance of the contract with Wilson*, executed and delivered to Winyall and Gallen a warranty deed for said premises.

The petition further alleges that on the sixteenth day of December, 1876, Gallen and wife conveyed the undivided half of said premises to one George Gallen, with a view to defraud Hall and Wilson out of their just rights, and that on the nineteenth day of February, 1877, the said George Gallen conveyed by deed the undivided half of said premises to the wife of James Gallen.

It is also alleged that certain defendants recovered judgments against Neligh after the first day of September, 1873.

The tenth paragraph of the petition was stricken out on motion of the defendants as being redundant and irrelevant. The paragraph is as follows: "That said Robert T. Hall and David H. Winyall were the owners of said lots 13, 14, 15, 16, and 17, in the city of West Point, on the fourth day of October, 1876, as fully as if the legal title thereto had been in their names. And as such owners had the right to and were legally entitled to convey the same to the said Thomas Wilson by mortgage deed at that time and incumber the same in all respects as if they held the legal title in their names; and that the said James Gallen and his assigns, the said George Gallen and Katie Gallen, have and hold the same subject to and with full knowledge of said mortgage."

It is difficult to perceive upon what grounds the motion was sustained. If it is urged that the averments are mere conclusions of law, still where a legal deduction

or conclusion of law contains a fact constituting a cause of action, or one which is essential to enable the plaintiff to maintain his action, the proper motion is to make definite and certain and not to strike out. As the defendants deny the validity of the mortgage, the plaintiff properly sets forth in his petition the authority of the mortgagors to execute the same. The court therefore erred in sustaining the motion.

After the motion, striking out the tenth paragraph of the petition, had been sustained, the defendants demurred to the petition upon the ground that it stated no cause of action. The demurrer was sustained and the cause dismissed. The case is brought into this court by appeal.

In support of the judgment of the court below it was urged by defendant's counsel on the argument of the case that the trust created by the contract between Wilson and Neligh was absolutely void, and that therefore the plaintiff acquired no lien by his mortgage, and therefore the petition stated no cause of action. The petition, however, includes the north-west quarter of section fourteen, township twenty-three north, of range five east, which is not in dispute, and upon which, if the facts stated in the petition are true, the plaintiff is entitled to a decree of foreclosure. This disposes of the case, but inasmuch as the question of the validity of the mortgage upon the lots heretofore described will again come before the district court, we have thought it best to review that branch of the case.

It is a well established principle of equity that where a contract is made for the sale of real estate, it considers the vendor as a trustee of the purchaser for the estate sold, and the purchaser as a trustee of the purchase money for the vendor. *Malin v. Malin*, 1 Wend., 625. *Champion v. Brown*, 6 Johns., Ch. 402. *Watson v. Le Row*, 6 Barb., 484. Willard's Eq., 610. And the trust in

such case attaches to the land and binds the heirs of the vendor. *Seton v. Slade*, 7 Vesey, 264. *Swartwout v. Burr*, 1 Barb., 495. *Sutphen v. Fowler*, 9 Paige, 280. And a subsequent purchaser from either the vendor or vendee, with notice, becomes subject to the same equities as the party would be from whom he purchased. *Trinnere v. Bayne*, 9 Ves., 209. *Mackreth v. Symmons*, 15 Ves., 329. *Pollenfax v. Moore*, 1 Atk., 573. *Green v. Smith*, 1 Atk., 572. *Davie v. Beardsham*, 1 Ch. Cas., 38. *Champion v. Brown*, 6 Johns., Ch. 403. *Seaman v. Van Rensselaer*, 10 Barb., 83. Story's Eq., 789.

In the absence of a contract, therefore, if the allegations of the petition are true, Neligh became a trustee for Wilson, or his assigns, of the lots in question. He has admitted the validity of the trust by carrying the same into effect, and it may be questionable if any of these defendants are in a position to deny its validity. The conveyance to James Gallen was made *in pursuance* of *the terms of the agreement*, and after the execution and recording of the mortgage. As to the judgment creditors, it is well settled in this court that the lien of a judgment upon real estate is subject to all prior liens, either legal or equitable. *Metz v. State Bank*, ante p. 165. *Colt v. Du Bois*, ante p. 391. If, therefore, there was an actual sale of the lots in question to Wilson, although the legal title remained in Neligh at the time the judgments were recovered, yet the lien attached only to the unpaid purchase money, if any. *Filley & Hopkins v. Duncan*, 1 Neb., 134. *Uhl v. May*, 5 Neb., 157.

As to the authority to mortgage the property in question, it is sufficient to say that all kinds of property, real or personal, which are capable of absolute sale, may be mortgaged. 2 Story's Eq. Jur., Sec. 1021. 4 Kent's Com., 144. 1 Powell on Mortgages, 17–23. 2 Bouvier's Dict., 198.

32

As Hall and Winyall were in possession of the lots in question as owners thereof, at the time of the execution of the mortgage, they had unquestionable authority to execute the same, and if there is a defect in the description of the lots it may be corrected to conform to the actual intention of the parties. *Galway, Semple & Co. v. Malchow*, ante p. 285.

For the errors herein referred to the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.