C. B. BURROWS, APPELLEE, v. GEORGE B. HOVLAND ET AL., IMPLEADED WITH JAMES STUART, APPELLANT.

FILED MAY 2, 1894.   No. 5360.

1. **Public Lands:** VENDEE'S INTEREST SUBJECT TO MORTGAGE. A vendee in a contract for the sale of land made to him by the state has such an interest in the real estate described in such contract as may be made the subject of sale and mortgage.

2. **Mortgages:** ASSIGNMENT OF INTEREST IN CONTRACT OF SALE. An assignment by a vendee in an executory contract for the sale of real estate, made to secure the payment of money, is in effect a mortgage of the vendee's interest in the real estate described in such contract.

3. ———: REGISTRATION: PRIORITIES.   Where two mortgages are executed and delivered on the same property by the same grantor at different times, the mortgage last executed and delivered will take precedence if first filed for record in the office of the recorder of deeds in which the real estate mortgaged is situate, if such last executed mortgage was made and delivered for a valuable consideration in good faith and without any notice on the part of the mortgagee therein of the existence of the prior mortgage.

4. School Land Contracts: VALIDITY OF ASSIGNMENTS: PUB-
LIC LANDS. A contract for the sale of school lands issued by
the state contained the provision that no assignment of the
contract should be valid unless such assignment should be in-
dorsed on the contract. *Held*, (1) That such provision was in-
serted in the contract for the benefit of the state, and it only
could insist upon a compliance therewith; (2) that the failure of
the vendee in said contract to indorse thereon an assignment
thereof made by him did not render such assignment void.

APPEAL from the district court of Madison county.
Heard below before POWERS, J.

The commissioner stated the facts in the opinion.

*Allen, Robinson & Reed,* for appellant:

The assignment, to be valid, must be indorsed on the
contract. (*Shuman v. Willets,* 17 Neb., 482; *McCraney v.
Griffin,* 13 Ia., 313; *Emerick v. Clemens,* 26 Ia., 332;
*Green v. Day,* 31 Ia., 328.)

In case of a doubtful and ambiguous law, the contem-
poraneous construction of those who have been called on
to carry it into effect is entitled to great respect. Such
construction is not to be overruled without urgent and
cogent reasons. (*Hahn v. United States,* 107 U. S., 402;
*Stuart v. Laird,* 1 Cranch [U. S.], 299; *Martin v. Hunter,*
1 Wheat. [U. S.], 304; *Cohens v. Virginia,* 6 Wheat. [U.
S.], 264; *Edwards v. Darby,* 12 Wheat. [U. S.], 206;
*Union Ins. Co. v. Hoge,* 21 How. [U. S.], 35; *United
States v. Moore,* 95 U. S., 760; *Brown v. United States,*
113 U. S., 568.)

Constructive notice arising from recording and registra-
tion acts is purely a matter of positive statutory regulation
and finds no place in the common law. (*Barney v. Little,*
15 Ia., 527.)

The law of notice and registration does not apply to con-
flicting claims on public lands. (*Klein v. Argenbright,* 26
Ia., 493; *David v. Rickabaugh,* 32 Ia., 540.)

34

*Wigton & · Whitham, contra,* cited : Boone, Mortgages, secs. 49, 60, 122 ; 3 Pomeroy, Equity Jurisprudence, sec. 1195 ; *Dorsey v. Hall,* 7 Neb., 460 ; *McDonald v. Early,* 15 Neb., 63 ; *Hoxie v. Iiams,* 26 Neb., 616 ; *Malloy v. Malloy,* 35 Neb., 224 ; *Bently v. Deforest,* 2 O., 221 ; *Sexton v. Chicago Storage Co.,* 21 N. E. Rep. [Ill.], 920 ; *Webster v. Nichols,* 104 Ill., 160 ; *Willoughby v. Lawrence,* 116 Ill., 11 ; *Baldwin v. Canfield,* 1 N. W. Rep. [Minn.], 261 ; *Nicollet Nat. Bank of Minneapolis v. City Bank,* 35 N. W. Rep. [Minn.], 578 ; *Morgan v. Struthers,* 9 Sup. Ct. Rep., 728.

RAGAN, C.

On the 9th day of April, 1883, the state of Nebraska sold the southeast quarter of section 16, township 21 north, and range 4 west of the 6th P. M., in Madison county, to George B. Hovland, and executed and delivered to him a contract for a deed. On the 1st day of May, 1888, Hovland, by a writing duly signed, witnessed, and acknowledged by him, assigned the contract to one C. B. Burrows to secure the payment of some money then owing the latter by Hovland. This assignment was not on the state contract, nor was the latter delivered to Burrows. The assignment made by Hovland to Burrows was recorded in the office of the recorder of deeds of Madison county on the 19th day of January, 1889. Default having been made in the payment of the money which the assignment of this contract was made to secure, Burrows brought this suit in equity to foreclose the assignment of the contract as a mortgage. James Stuart, to the petition filed by Burrows in the case, filed an answer, in which he denied that Burrows had any lien or claim on the land described in the state contract aforesaid. He further alleged in his answer that prior to the date of the execution of the assignment from Hovland to Burrows, Hovland, with the knowledge and

consent of Burrows, had assigned to him, Stuart, the said state contract, and that he then was the owner of the same. To this answer Burrows filed a reply, denying the allegations of new matter therein, and alleging that at the time he took the assignment of the state contract from Hovland he did so in good faith and without notice of any claim right, title, or interest in the real estate mentioned in said state contract claimed by said Stuart, and that at the time he filed the assignment from Burrows for record no conveyance or assignment of said land contract or the real estate therein mentioned from Hovland to Stuart was of record in said Madison county. The district court rendered a decree in favor of Burrows, and Stuart brings the case here on appeal.

The evidence in the case, summarized, established the following facts in addition to those above stated: In the year 1886 Hovland became indebted to Stuart, and to secure the payment of the debt he made an assignment in writing of the contract he held from the state and delivered it to Stuart. This assignment of the state contract was not written on the latter, but on a separate piece of paper. On the 29th day of March, 1889, Hovland, still being in debt to Stuart, executed a formal assignment of the state land contract to Stuart to secure the payment of such debt, and delivered the said contract to Stuart. This last assignment of the contract was written thereon. At this time Hovland took up and destroyed the former assignment of the contract made by him to Stuart. Neither of the contracts made by Hovland to Stuart were ever filed or recorded in the office of the recorder of deeds of Madison county.

1. A vendee in a contract for the sale of lands made to him by the state has such an interest in the land described in such contract as may be made the subject of sale and mortgage. (*Dorsey v. Hall*, 7 Neb., 460.)

2. The assignments made by Hovland of the state con-

tract to Burrows and to Stuart, having been made for the purpose of securing the payment of money, were mortgages on the real estate described in said state contract. (*Lipp v. South Omaha Land Syndicate*, 24 Neb., 602; *Scharman v. Scharman*, 38 Neb., 39.)

3. The real question in this case, then, is as to the priority of the assignments or mortgages of Burrows and Stuart. Section 16, chapter 73, Compiled Statutes, 1893, provides: "All deeds, mortgages, and other instruments of writing which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments shall be first recorded." * * The assignment or mortgage made by Hovland to Burrows, as already stated, was filed for record in the office of the recorder of deeds of Madison county on the 19th day of January, 1889; and neither of the assignments made by Hovland to Stuart were ever recorded. Under this statute, where two mortgages are executed and delivered upon the same property by the same grantor at different times, the mortgage last executed and delivered will, nevertheless, take precedence if first filed for record in the office of the recorder of deeds where the real estate mortgaged is situate, if such last executed mortgage was made and delivered for a valuable consideration in good faith and without any notice on the part of the mortgagee therein of the existence of the prior mortgage. There is testimony in the record which tends to show that Burrows, before the date of his assignment or mortgage to him from Hovland, knew that the latter had assigned the said contract to Stuart as security for the payment of money; but this evidence is contradicted, and the district court

found that Burrows was "a mortgagee of the real estate in good faith and without notice that Stuart had, or claimed to have, any right, title, or interest in the same." This finding, then, of the district court is not unsupported by the evidence and we decline to disturb it.

4. The contract issued by the state to Hovland contained this provision: "And it is further stipulated that no assignment of the premises shall be valid unless the same shall be indorsed hereon, and that no agreements or conditions or relations between the second party and his assignee, or any other person acquiring title or interest from or through him, shall preclude the first party [the state] from the right to convey the premises to the second party [Hovland] or his assigns on the surrender of this agreement."   *   *   *   Counsel for the appellant contend that by reason of the foregoing provision embraced in the state contract of sale made to Hovland his assignment of this contract to Burrows, not having been indorsed or made on the said contract, was void, and that Burrows took nothing thereby. We are not called upon at this time to express any opinion as to the binding force of the provision in the state contract just quoted, but we do not agree with the contention of counsel that the assignment made of this contract by Hovland to Burrows was void. The provision in the state contract was inserted therein for the benefit of the state, and the state only can insist upon a compliance therewith. The failure of Hovland to indorse the assignment he made of his state contract thereon did not render such assignment void. The most that can be said of it is that the assignment made to Burrows was voidable at the election of the state. (*Webster v. Nichols*, 104 Ill., 160; *Willoughby v. Lawrence*, 116 Ill., 11.)

5. Another objection urged by counsel for the appellant to the decree is that the assignment or mortgage which Burrows obtained from Hovland was obtained by fraud.

There is evidence in the record which tends to show that Hovland refused to mortgage the land embraced in the state contract to Burrows, and that at the time he executed and acknowledged the assignment of the state contract he supposed that he was mortgaging other lands to Burrows; but this evidence is also contradicted, and we cannot say that the district court was wrong in finding against the contention of the appellant. The decree of the district court is

AFFIRMED.