CHADRON BUILDING & LOAN ASSOCIATION, APPELLEE, v. E. L. HAMILTON ET AL., IMPLEADED WITH L. A. BROWER ET AL., APPELLANTS.

FILED JUNE 18, 1895.   No. 5616.

1. **Lien of Judgment.** The lien of a judgment does not exceed the actual interest the judgment debtor had in the land at the time a transcript of such judgment rendered by a justice of the

peace was filed in the office of the clerk of the district court of the proper county, and such judgment lien is subject to every equity at that time existing against the judgment debtor.

2. ———: MORTGAGES. Where land intended to be included in a mortgage is omitted by mistake, and a transcript of a judgment against the mortgagor is subsequently filed in the office of the clerk of the district court of the proper county, the lien of the judgment creditor is subject to the equity of the mortgage.

APPEAL from the district court of Dawes county. Heard below before KINKAID, J.

*Spargur & Fisher*, for appellants.

*T. F. Powers* and *J. L. Caldwell*, contra.

RYAN, C.

On July 30, 1891, the Chadron Building & Loan Association filed in the office of the clerk of the district court of Dawes county its petition praying for the foreclosure of a mortgage executed August 15, 1889, to it by E. L. Hamilton and his wife. This mortgage was filed for record September 9, 1889. Incidentally there was sought the reformation of said mortgage so as to describe correctly the west half of the southeast quarter instead of the mistaken description of the west half of the southwest quarter of the same section as was included in the mortgage. There were made defendants with the mortgagors certain judgment creditors of E. L. Hamilton, to-wit, Lewis Ross & Co., L. A. Brower, and Charles Morrissey, of whom only the two last named appeal. The judgment in favor of L. A. Brower was by confession in the county court for the sum of $100, and of it a transcript was filed in the office of the clerk of the district court of Dawes county March 3, 1891. Charles Morrissey obtained his judgment against E. L. Hamilton before Omaha H. Wilson, a justice of the peace of Dawes county, for the sum of $150 on June 22, 1891, and on the same day a transcript thereof was filed in the office

of the clerk of the district court aforesaid. The service of the summons in the foreclosure proceedings was made on both Morrissey and Brower, August 9, 1891. It is claimed by the appellees that upon the summons were indorsed the words "Injunction allowed," and as it was the duty of the clerk to make this indorsement, it is presumable that this claim is well founded, in the absence of a showing by the appellant's transcript what indorsements, in fact, were upon said summons. There was issued on a judgment rendered in favor of Lewis Ross & Co. against E. L. Hamilton an execution, on which the land, against which the mortgage was sought to be made operative in the foreclosure proceeding, was, on August 12, 1891, sold to Charles Morrissey. On the 24th day of the last named month said execution sale was confirmed and a deed was then ordered to issue to Charles Morrissey. It does not appear from the record that the sheriff ever issued a deed under this confirmation. In the foreclosure proceedings the answer of Morrissey and that of Brower were simply general denials. It is quite evident that the intention of Morrissey in the foreclosure case was to avail himself of the mistake in the mortgage being foreclosed by virtue of his status, first, as a judgment creditor, and second, as a purchaser under the execution which issued on the judgment in favor of Lewis Ross & Co., which latter was obtained long after the filing for record of the mortgage sought to be questioned. The evident purpose of Brower was to avail himself of the lien of his judgment against Hamilton to accomplish the same design entertained by Morrissey. The same principles apply as to the claims of each, therefore only one will be discussed. The attempt of Morrissey to avoid the effect of the loan and building association's reformation of Hamilton's mortgage by a purchase was ineffectual, for the reason that his purchase was with knowledge of the pendency of the association's foreclosure action in which the reformation was prayed, and in avoidance of

the injunction sought as auxiliary thereto, which was not only against the sale on the judgment in Morrissey's favor, but as well was against a sale on the judgment in favor of Lewis Ross & Co. In any event Morrissey's evidence of title was not complete, for no sheriff's deed appears to have ever issued to him. The mere judgment lien in favor of Morrissey did not exceed the actual interest which E. L. Hamilton held at the date of the filing of the transcript of the judgment against him in the office of the clerk of the district court of Dawes county, and was subject to every equity existing against said judgment debtor at that time. This was recognized as the correct rule in *Galway v. Malchow*, 7 Neb., 285, and in that case it was also held that the lien of a judgment could not prevail over that of a prior mortgage with respect to lands by mistake omitted therefrom. This doctrine is also recognized and approved in *Dorsey v. Hall*, 7 Neb., 460, and in *Norfolk State Bank v. Murphy*, 40 Neb., 735. These considerations served to justify the decree of the district court, which was adverse to the claims of Brower and Morrissey.

Other questions are argued, such as the fact that the mortgage was security for a bond and that no proof was made of the amount really due thereon. It is true, the obligation secured was designated a bond, and yet it in fact was merely an obligation to pay a certain sum of money under prescribed conditions, which conditions it was alleged existed at the time the foreclosure decree was entered. There was sufficient proof of the existence of these conditions. No other evidence was therefore required except the undertakings of the bond and mortgage. The judgment of the district court is

AFFIRMED.