ALFRED HARRISON, APPELLEE, v. DAVID McWHIRTER, APPELLANT.

Deed: TITLE. A deed of real estate executed, witnessed and delivered, is effectual to pass title, though not lawfully acknowledged or recorded.

APPEAL from York county. Tried below before POST, J. The case is stated in the opinion.

*Scott & Conner,* for appellant.

1. Title passes without acknowledgment. *Burbank v. Ellis,* 7 Neb., 164.

2. If the "function of an acknowledgment is to authorize the deed to be given in evidence without *further*

proof of its execution, and to entitle it to be recorded," and if "the acknowledgment is no part of the deed itself," then further proof *could* be made as to its execution, to entitle it to be given in evidence or to authorize its registration, and as a necessary sequence the deed is not void for the reason that it is not acknowledged, nor because the notary affixes his certificate without a personal appearance of the grantor. Then this deed stands with respect to rights of the creditors of the grantor in the light of a prior unrecorded conveyance; and it is not enough for the plaintiff to show merely that he is a judgment creditor of the grantor. His claim must be evidenced by some instrument *required to be recorded*. *Galway v. Malchow*, 7 Neb., 285. The case of *Heelan v. Hoagland*, 10 Neb., 513, is not in point here.

*Montgomery & Harlan*, for appellee.

The appellant claims that the deed is good as between the parties. That is not the issue; we believe it is as void as to creditors as though it never had been signed, and especially would this be the case when the grantor was insolvent, and the grantee connived and conspired with another to place upon said deed a false and fraudulent certificate of acknowledgment. We think the case of *Heelan v. Hoagland*, 10 Neb., 511, fully settles this case. The same law applies to the acknowledgment of deeds of assignment which applies to general conveyances of real estate.

COBB, J.

The petition in the court below—after setting out the recovery of a judgment by the plaintiff against one John M. Grant, in the district court of York county, at the January term, 1879; that there had previously issued an order of attachment in said cause, which order of attachment had been levied upon certain real estate of

said John M. Grant, including the lot in question; that after the rendition of said judgment an order of sale was issued in said cause out of said court; that said real estate was, under said orders of attachment and sale, offered for sale by the sheriff of said county of York, but not sold for the want of bidders; that the reason why the same was not sold was that the said John M. Grant had, at the time of the levy of said order of attachment on the north half, etc., no title or interest whatever therein, but that the title thereto was in the United States, and that the reason why lot 12, in block 32, was not sold at said sale, was that said William McWhirter, defendant, caused to be made on the 21st day of November, 1878, a pretended deed and conveyance from said John M. Grant to him, the said William WcWhirter, grantee to and for said lot 12, in block 32, in said town of New York, and caused said deed to be recorded, thereby casting a cloud on the title of said lot, and preventing the same from selling—charges that the said deed is fraudulent in this, that said defendant William McWhirter, combined and conspired with one Henry Kleinschmidt, (a notary public), to make and execute a false and fraudulent certificate of acknowledgment to said deed by said John M. Grant, when in fact and in truth said Grant did not appear before Henry Kleinschmidt and acknowledge such deed of conveyance as aforesaid, etc., and that said Grant is insolvent.

A general demurrer to the petition was overruled, and such further proceedings had that a judgment was rendered for the plaintiff.

It will readily be seen that the plaintiff does not attack the *bona fides* of the execution or delivery of the deed, either on the part of the grantor or grantee, but only the acknowledgment of the same. So that, as it appears to us, the case turns upon the single question— does the title to real estate pass by the proper execution

and delivery of a deed, or does the title remain in a state of abeyance or suspension until the deed is acknowledged and recorded? There are two provisions of the statute applicable to this question. The first is found in chapter 32 of the Compiled Statutes, usually called the statute of frauds. Section three, of said chapter, is as follows: " No estate or interest in land, other than leases for a term not exceeding one year, nor any trust or power over, or concerning lands, or in any manner relating thereto, shall hereafter be created, granted, assigned, or surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the party creating, granting, assigning or surrendering the same."

Upon the language of this section, the first question must be answered in the affirmative, and that neither acknowledgment or recording is necessary to pass the title from grantor to grantee.

The other provision referred to, section one, of chap. 73, Comp. Statutes, provides that: "Deeds of real estate or of any interest therein in this state, except leases for one year or for a less time, must be signed by the grantor, being of lawful age, in the presence of at least one competent witness, who shall subscribe his name as a witness thereto and be acknowledged or proved, and recorded, as directed in this chapter."

The most that can be said of this provision is that it adds one to the requisite qualities of a deed at common law — that it be witnessed. A deed thus executed and delivered is clearly good and effectual to pass the title as between the parties and those having actual notice thereof. And such deed with immediate actual and notorious physical possession of the granted premises under it, is good against all the world. The office of the words: "and be acknowledged or proved and recorded, as directed in this chapter" is directory, for the purpose of making such deed notice to persons not having actual notice

thereof, in the absence of possession by the grantee un-
der such deed.

As before stated the petition contains no allegation im-
peaching the conveyance as between the parties thereto,
nor does it contain the necessary allegations to give the
plaintiff a standing in a court of equity, being deficient
for that purpose in many respects. We are of the opinion
therefore that the court erred in its judgment, overruling
the demurrer to the petition, and the same is reversed
and the cause remanded for further proceedings in
accordance with law.

REVERSED AND REMANDED.