BONORDEN & RANCK, APPELLANTS, V. JOSEPH KRIZ AND OTHERS, APPELLEES.

**Constitutional Law:** TITLE OF ACT. Under the title of an act "To exempt homesteads from judicial sale," it is competent for the legislature to provide that "a conveyance or incumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument," and a mortgage upon the homestead signed by the husband alone is void.

APPEAL from the district court of Dodge county. Heard below before POST, J.

*W. H. Munger*, for appellants, cited *B. & M. R. R. v. Saunders County*, 9 Neb., 511. *State, ex rel. Jones, v. Lancaster County*, 6 Neb., 485. *Gee v. Moore*, 14 Cal., 473. *Smith v. Provin*, 4 Allen, 516. *Doyle v. Coburn*, 6 Allen, 71. *McDonald v. Crandall*, 43 Ill., 231. *Hewitt v. Templeton*, 48 Ill., 369.

*J. E. Frick, G. L. Loomis* and *E. F. Gray*, for appellees, cited *inter alia* Dillon on Mun. Corp., sec. 18. *People v. Mahaney*, 13 Mich., 494. Cooley Const., Lim., 144. *Pleuler v. The State*, 11 Neb., 547. *Haight v. Houle*, 19 Wis., 472. *McCabe v. Mazzuchelli*, 13 Wis.. 534. *Phelps v. Rooney*, 9 Wis., 70. *White v. Clarke*, 36 Ill., 288. *Leiz v. Diabler*, 12 Cal., 327. *Higby v. Willard*, 45 Iowa, 586.

MAXWELL, J.

This is an action to foreclose a mortgage on real estate.

The mortgage was executed on the eighth day of October, 1877, by F. J. Kriz to Joseph Kriz, and by him assigned to the plaintiffs after maturity. F. J. Kriz died in January, 1878. Minnie Kerkow in her answer states that at the time the mortgage in question was executed she was the wife of F. J. Kriz, and that the premises so mortgaged were at the time occupied by her husband and herself as a homestead, and that the same was of less value than $2,000 and that the mortgage was not signed by her. She also alleges that the mortgage was given without consideration. The reply denies that the premises were a homestead, but that objection seems to be abandoned. The court below found in favor of the defendants and dismissed the action. The plaintiffs appeal to this court.

The question to be determined turns upon the construction given to section 3 of "An act to exempt homestead from judicial sale," approved February 19th, 1877, which reads as follows: "A conveyance or encumbrance by the owner is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument."

The attorney for the plaintiffs contends that this section is unconstitutional because its provisions are not within the title of the act, and therefore contravene sec. 11, art. 3 of the constitution, which provides that: "No bill shall contain more than one subject, which shall be clearly expressed in its title." The authorities cited to sustain this position are *The State, ex rel. Jones, v. Lancaster County*, 6 Neb., 485, and the *B. & M. R. R. Co. v. Saunders Co.*, 9 Id., 511.

In the case cited from 6 Neb. the title of the act was, "An act to provide for township organization." Under this title the act provided for county organization and defined its corporate powers, and provided for the election of county officers, defined their duties and fixed the terms of office. It was held that the act was void.

In the case of the *B. & M. R. R. Co. v. Saunders Co.*,

9 Neb., 505, the title of the act was, "An act to amend an act to provide for the registration of precinct or township or school district bonds." The court say (page 511): "The title to the act in question is very restrictive, much more so than necessary; but the legislature, having thus set bounds for themselves, they could not lawfully overstep them. No one will for a moment contend that the raising of money by taxation to meet a bonded indebtedness has the least necessary connection with the subject of bond registration. Doubtless a title might have been framed of so broad a scope as to have included both of these matters as means for securing a desired result. Here, however, we have registration of certain bonds as the ulterior—in fact the only expressed—object to be accomplished. Now, while registration might very properly be made a step in providing for the payment of bonds, it is very clear that taxation cannot possibly be a step toward nor incident to their registration."

The title was held to be too restrictive to authorize the levying of a tax for the payment of school district bonds. We adhere to those decisions because the objects sought to be accomplished in each case were entirely beyond the scope of the title of the act.

The attorney for the plaintiffs has made a very plausible and ingenious argument in support of the proposition that the third section of the act of 1877 is not within the title of the act. In the case of *Barton v. Drake*, 21 Minn, 299, the same objection was made. The court say (page 303): "The second section of the homestead act (Gen. Stat., ch. 68): provides that any mortgage or other alienation of such land by the owner thereof, if a married man, shall not be valid without the signature of the wife to the same," etc. It is objected that this section is not germane to the subject of the act, which is, to provide for the exemption of a homestead from seizure and sale on execution or other process; and that in respect to this section the act is repugnant to sec.

27, art. 4 of the constitution, which provides that: "No law shall embrace more than one subject, which shall be expressed in its title." But chap. 68, Gen. Stat., is identical with the law of 1858 before referred to, except that the original act contained additional provisions relating to the exemption of personal property, and in *Tuttle v. Strout*, 7 Minn., 465, the act of 1858 was held to be not open to objection on this ground.

Under the title to exempt the homestead, the legislature may make any provision in relation to protecting such homestead that it sees fit. And so long as such legislation is confined to exempting the homestead from forced sale, whether upon execution or upon a mortgage declared to be void by the statute, it can make no difference. It certainly is just as important that the wife should be protected from a mortgage executed by the husband alone, as that she should be permitted to claim the exemption in case of failure of her husband to do so. The law proceeds upon the theory that both husband and wife are entitled to the benefit of the homestead act, and this right cannot be waived except by the consent of both. The law therefore requires the assent of both to a conveyance or incumbrance of the homestead. In our opinion, sec. 3 is not in conflict with the constitution. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.