THE AULTMAN AND TAYLOR COMPANY, PLAINTIFF IN ERROR, V. CHARLES AND SUSAN JENKINS, DEFENDANTS IN ERROR.

1.  **Homestead:** MORTGAGE. Under the homestead law of 1879 a mortgage on the homestead of a married person to be valid must be executed and acknowledged by both husband and wife.

2.  ———: ———. A mortgage to secure an antecedent debt was signed by both husband and wife, and afterwards acknowledged by the wife before the proper officer, but not by the husband; *Held*, There being no countervailing equities, that the mortgage did not create a lien on the homestead.

ERROR to the district court for Richardson county. Tried below before MITCHELL, J., sitting for BROADY, J.

*Edwin Falloon*, for plaintiff in error, cited: *Watson v. Voorhees*, 14 Kan., 328. *Godfrey v. Thornton*, 1 N. W. R., 362. *Mulloy v. Ingalls*, 4 Neb., 115. *White v. Gilbert*, 10 Neb., 539. *Harrison v. Mc Whirtir*, 12 Neb., 152. *Tucker v. Allen*, 16 Kan., 312. *Jones v. Evans*, 7 Dana, 96. *Osterhout v. Shoemaker*, 3 Hill, 513. *Edgell v. Hagens*, 5 N. W. R., 136.

*A. Schoenheit*, for defendants in error.

MAXWELL, CH. J.

This action was brought by the plaintiff against the defendants to foreclose a certain mortgage upon real estate, which mortgage it is alleged in the petition was executed by the defendants upon their homestead. The defendants answer separately. Charles Jenkins, the husband, in his answer alleges that the mortgaged premises are a homestead and worth not to exceed $1,000; that by reason of sickness he was not in his right mind when he signed the mortgage, and the same was procured by the misrepresent-

14

ation of the plaintiff's agent; that there was no consideration for the same, and "that defendant never acknowledged said mortgage before any officer."

Susan Jenkins, the wife, in her answer pleads want of consideration, etc.   Both defendants pray for a cancellation of the mortgage.

On the trial of the cause the court made special findings, which, in the view we take of the case, need not be referred to here.   The court rendered judgment for the defendants, and dismissed the action.

The testimony tends to show the following facts: That some time prior to Nov. 15th, 1883, the defendant, Charles Jenkins, in connection with one Hershey, purchased from the plaintiff a threshing machine.   Certain payments had been made on the same, but at the time above stated there was a large balance due.   An agent of the plaintiff at the date indicated called upon the defendant, and induced him to give three notes to the plaintiff as follows: One note for $125, due March 1st, 1884; one note for $250, due Nov. 1st, 1884, and one note for $245, due Nov. 1st, 1885; and to secure these notes Jenkins and wife seem to have agreed to execute a mortgage on their homestead.   This mortgage contains a provision that in case of default all the payments may be declared due, and an action instituted to foreclose.   For several weeks prior to this time the defendant, Charles Jenkins, had been sick with typhoid fever or typhoid pneumonia—the witnesses disagree as to the disease—and was then quite unwell.   There is no doubt that he was weak and emaciated, but he seems to have been in possession of his mental faculties.   The plaintiff's agent prepared the notes and mortgage, and some effort was made on that day to procure an officer to take the acknowledgment of the defendants.   No officer could be found, however, at that time, and the mortgage was left with the defendants, under the promise that they would acknowledge the same, and transmit it to the agent.   On

the next day Susan Jenkins, the wife of Charles Jenkins, went before a justice of the peace, and acknowledged the execution of the mortgage, and stated that her husband's signature to the same was valid, but that he was unable to appear and acknowledge it. The justice thereupon, at her request, made a certificate of the acknowledgment of both husband and wife. The wife thereupon transmitted the mortgage to the plaintiff's agent. It was not in the possession of the defendant, Charles Jenkins, after the above acknowledgment.

Section 4 of the statute of 1881, relating to homesteads, provides that "the homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." Comp. St., ch. 36.

Deeds of real estate, or any interest therein in this state, except leases for one year or for a less time, must be signed by the grantor, being of lawful age, in the presence of at least one competent witness, who shall subscribe his name as a witness thereto, and be acknowledged or proved, etc.

The grantor must acknowledge the instrument to be his voluntary act and deed. The acknowledgment, if taken in this state, must be made before a judge, clerk of a court, justice of the peace, or notary public; but no officer can take any acknowledgment out of his territorial jurisdiction. Comp. St., ch. 73, §§ 2 and 3.

Acknowledgment is defined to be the act of one who has executed a deed in going before some competent officer or court, and declaring it to be his act or deed. 1 Bouv. Law Dict. (14 Ed.), 56. The statute, therefore, requires the husband and wife who incumber or convey the homestead to execute and acknowledge the deed or mortgage of the same. As between the parties, at least where there are no countervailing equities, this requirement is essential to the validity of the instrument. As all the testimony, even that of the justice before whom the alleged acknowledgment

purports to have been taken, shows that Charles Jenkins never acknowledged the mortgage, it is, therefore, invalid and of no effect. The plaintiff however paid the taxes upon the land in question for a time, and has a lien thereon for such taxes and interest, which the defendants must pay or the plaintiff may enforce the lien on the land. In all other respects the judgment of the district court is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.