LOUIS P. LARSON, APPELLEE, v. MARTHA BUTTS, APPELLANT.

1. **Homestead.** A contract to convey a homestead, entered into by a wife in her own name, will not be specifically enforced, as the statute requires the instrument of conveyance to be signed and acknowledged by both husband and wife.

2. ———. The fact that the husband and wife are not living together at the time the contract was made, will not render her contract for the conveyance of the homestead valid.

3. **A decree** against the clear weight of evidence will be set aside.

APPEAL from the district court of Dodge county. Tried below before POST, J.

*U. Hollenbeck* and *Frick & Dolezal,* for appellant, cited: *Donner v. Redenbaugh,* 16 N. W. R., 127. *Thimes v. Stumpff,* 33 Kan., 53. *Stout v. Rapp,* 17 Neb., 462. *Dennis v. Omaha National Bank,* 19 Id., 675. *McGoon v. Ankeny,* 11 Ill., 558. *Judson v. Malloy,* 40 Cal., 299.

*Bradshaw v. Hurst,* 11 N. W. R., 672. *Ott v. Sprague,* 27 Kan., 620.

*E. F. Gray,* for appellee, cited: *Anderson v. Kent,* 14 Kan., 207. *Kimball v. Wilson,* 13 N. W. R., 748. *Newman v. Franklin,* 28 Id., 579. *Williams v. Moody,* 28 Id., 510.

MAXWELL, CH. J.

The plaintiff brought an action in the court below for specific performance of contract, and alleged in his petition "that defendant, Martha Butts, on the 19th day of June, 1886, being the owner, in fee simple, of the premises hereinafter described, sold and agreed to convey the same to the plaintiff, Louis P. Larson, and then executed in the name of M. W. Butts and delivered to him an instrument in writing, in words and figures following, to-wit:

"NORTH PLATTE, NEB., June 18, 1886.

"Received from L. P. Larson the sum of fifty dollars, as part payment of lots seven and eight in block 184, city of Fremont, Dodge county, Nebraska. Each lot is 66 by 132, besides the alleys, which are also included. The purchase price is thirty-seven hundred and fifty dollars less a mortgage of one thousand dollars, with interest, to be deducted. This does not include the houses, which I agree to remove in the spring of 1887, as soon as the frost is out of the ground. The deed, free of all incumbrances except as above, I agree to deliver to said L. P. Larson, between June 21, 1886, and July 1, 1886, upon payment of balance due me in cash, less $250, which amount is to be paid next spring without interest.

"M. W. BUTTS."

That at the same time plaintiff paid defendant $50, as a part purchase price, as in said instrument recited, and on the 25th day of June, 1886, before the commencement of

this action, tendered to said defendant the sum of $2,406.56, the same being the balance of the purchase price of said lots, after deducting the principal and interest of the mortgage set forth in said instrument, and the $250 in said contract mentioned as payable next spring, and also tendered then to defendant his promissory note for said $250, payable without interest on the 1st day of March, '1887, as was agreed he might do, and requested her to convey said premises to plaintiff according to the terms of said agreement, but defendant refused and still refuses to execute and deliver such conveyance, and said defendant has been and still is trying, and proposes and intends to sell and convey said premises to persons other than' plaintiff in violation of said agreement, and upon request declared she never would convey said premises to plaintiff."

There are other allegations to which it is unnecessary to refer.

The defendant, in her answer, alleges: 1st. "That defendant is a married woman, having a husband now living in this state, named P. O. Butts; that the property in plaintiff's petition described, now is, and has been, owned, used, and occupied by defendant, as a homestead, for the past fifteen years; that defendant has no other home for her family and herself, except the two lots described in the agreement set forth in said petition; that said premises are now, and were at the time of the making of said agreement, occupied as a homestead by defendant and her family, consisting of herself and her minor daughter, Ada West, a child by former marriage, and defendant has never left said premises, except for temporary purposes, and has never intended to permanently abandon the same; that her said husband, P. O. Butts, has no home or homestead, except as above stated. Defendant avers that by reason of the foregoing premises said receipt or agreement, set forth in said petition, is void in law and of no effect whatever; that defendant has ten-

dered to plaintiff said $50 paid her by him, and that she is now ready and willing to pay plaintiff said sum of $50. 2d. That defendant occupies said premises, and holds the same under and by virtue of a deed of trust from her former husband, Gideon West, for certain specific uses and purposes therein expressed, and defendant has no other right, title, or interest in and to said premises, except such as is created by said deed; that by the terms of said deed defendant has no authority or right to sell or convey said premises, except for the purpose of paying the debts of said Gideon West, or for the purpose of supporting the children of said Gideon West and defendant until said children become of age, and paying taxes on certain other property; that neither the conveyance demanded of the defendant, nor the agreement set forth in said petition, are intended or made to carry out the purposes, or any of them, expressed in said deed of Gideon West, and the children of said West are not of age."

There are other allegations in the answer to which it is unnecessary to refer.

The reply substantially denies the facts stated in the answer.

On the trial of the cause, the court rendered a decree of specific performance, from which the defendant appeals to this court.

The undisputed testimony shows that the defendant is a married woman, but that her husband has not lived with her for two or three years last past. No divorce has been obtained, however, and for aught that appears, there is nothing to prevent them living together as husband and wife. The undisputed testimony also shows that at the time the contract was entered into, and for a long period before that time, the defendant had her residence on the lots in question, where her minor daughter, Ada West, resided, and that it was *her* home. The defendant also testifies that that was her home, although she was tem-

porarily absent at various points selling goods, particularly at North Platte, where she seems to have rented a room and sold millinery goods ; the testimony also tends to show that she filed a petition in the district court of Lincoln county for a divorce from her husband, in which she alleged she was a resident of Lincoln county. No decree was obtained on the petition, however, and so far as appears, the allegations in the petition are merely formal, and can scarcely be said to be an admission of the fact that she was a resident of that county. In any event, it was a mere circumstance to be considered with others to determine the question of her residence. There are, also, certain admissions alleged to have been made by her as to her residence in North Platte. There is no denial, however, except inferentially, by the admissions heretofore referred to, of her testimony, that during all the time mentioned her home was upon the lots in question, and no denial whatever that her daughter, above named, was residing there, and that it was her home. This, in our view, is decisive of the case, the defendant being a married woman, could not, under the statute, convey her homestead, unless her husband joined with her in signing and acknowledging the same instrument. Comp. Stat., Chap. 36, Sec. 4. *Aultman & Jenkins*, 19 Neb., 211. *Swift v. Dewey*, 20 Neb., 107. *Bonorden v. Kriz*, 13 Neb., 121. The fact that the husband and wife are not living together, does not change the rule.

The second point in the answer need not be considered. The judgment of the district court is reversed, and upon defendant paying to the clerk of this court the sum of $50, for the use of the plaintiff, the action will be dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.