REUBEN C. PEARSON, APPELLEE, V. EDWARD F. DAVIS, SHERIFF, ET AL., APPELLANTS.

FILED JUNE 27, 1894.    No. 4792.

1. **Deeds:** SUFFICIENCY OF EVIDENCE TO SHOW EXECUTION AND DELIVERY. The evidence examined and considered, and *held* sufficient upon which to base a finding that the lots in controversy were sold and conveyed in December, 1884, and that the grantor, in February following, executed and delivered to the same grantee another conveyance of the lots for the purpose of correcting an irregularity in the execution of the first deed.

2. ———: FAILURE TO WITNESS: VALIDITY BETWEEN PARTIES. A deed to real estate, executed, acknowledged, and delivered by the grantor, is valid as between the parties thereto and those having knowledge of its existence, although the conveyance be not witnessed.

3. **Judgment Lien on Land.** It is the established doctrine in this state that the lien of a judgment attaches merely to the actual interest of the judgment debtor in the land, and such lien is subordinate to every equity existing against the debtor at the time same attached. Rule applied.

APPEAL from the district court of Gage county. Heard below before BROADY, J.

*Griggs & Rinaker,* for appellants.

*R. S. Bibb, contra.*

NORVAL, C. J.

This was an action brought by appellee to enjoin the sheriff of Gage county from selling upon execution lots 2 and 3, in block 24, in the town of Adams. From a decree in favor of the plaintiff the defendants appeal to this court.

A single question is presented for our consideration, namely, whether or not the findings and judgment of the court below are sustained by the evidence? It is admitted by the pleadings that on the 6th day of January, 1885, Tootle, Hosea & Co. recovered a judgment in the county court of Gage county against Hannah Noxon and Egbert Shaw for the sum of $463.71; that a transcript of said judgment was filed in the district court of said county on the 13th day of January, 1885; that said judgment has been assigned by Tootle, Hosea & Co. to James I. Shaw, one of the appellants herein, and who is the present owner thereof; that an execution has been issued out of the district court on said judgment at the instance of the owner thereof and placed in the hands of the appellant Edward F. Davis, sheriff of said county, who levied the same upon the lots above mentioned as the property of said Hannah Noxon, and was proceeding to advertise and sell the same under said writ, until restrained by this action. It is also uncontradicted that on and prior to the 26th day of December, 1884, the said Hannah Noxon was the owner in fee-simple of the lots in controversy; that she sold and conveyed the same to one Henry Norcross, who on the 1st day of April, 1886, in consideration of the sum of $110, sold and conveyed to the plaintiff and appellee the aforesaid premises by deed of general warranty, and the plaintiff has been in full possession of the lots ever since, and has made lasting improvements thereon of the value of $800.

The appellants insist that Mrs. Noxon did not sell the

43

lots to Norcross until after the recovery of the aforesaid judgment and the filing of the transcript thereof, and hence said judgment is a lien upon said real estate. There was recorded in the deed records of Gage county on March 20, 1885, a deed to said lots from Mrs. Noxon to Norcross bearing date February 23, 1885; therefore, so far as the records disclose, the lien of the judgment had attached prior to the time Norcross became the owner of the property. The appellee alleges that in December, 1884, Mrs. Noxon executed and delivered to Norcross a deed for the lots; that when he went to place the same upon record he was informed that it was not properly witnessed, and that the deed of February 23, 1885, was taken to cure the supposed defect in the first conveyance. The only disputed question in the case is whether Mrs. Noxon made Norcross more than one deed to the premises. The appellants insist that the evidence conclusively shows that but one deed was executed and delivered. We are persuaded that they misconceive the force and effect of the testimony in the case.

Henry H. Norcross testified positively that he purchased the lots of Mrs. Noxon in December, 1884, for the sum of $110; that he paid her the money on the 26th of that month and received the deed, which she had executed before N. T. McClunn, a notary public, a few days prior; that he afterwards carried said deed to the office of the county clerk of the county for the purpose of having the same recorded, and showed the same to Mr. Emery, the deputy county clerk, who, after looking the instrument over, called witness' attention to the fact that it was not properly witnessed; since Herbert Silvernail had signed his name below that of the grantor, instead of the usual place for witness to sign, and that on the suggestion of Mr. Emery he returned the deed to Mrs. Noxon, and she executed and delivered the deed bearing date February 23.

T. H. Moore testified to having seen the original deed, and that it was acknowledged in December, 1884, and

witnessed by Silvernail in the manner stated by Mr. Norcross.

George E. Emery, being examined as a witness on the trial, in every respect confirms the testimony given by the plaintiff as to alleged defect in the witnessing of the original deed, and that under witness' advice plaintiff took the deed away for the purpose of having the same corrected.

Herbert Silvernail's name is attached to the last deed as a witness, and he testified that he could not say whether he witnessed more than one deed to the property or not, but if he did he has no recollection of it.

N. T. McClunn testified that he has no recollection of taking the acknowledgment of the first deed, and that he was not in Gage county between December 24, 1884, and December 27.

Hannah Noxon testified that she remembers selling the lots and making the deed, but could not tell whether the transaction was before or after January, 1885, but does not recollect whether she made more than one deed to the lots or not, but "if there was a mistake in the first deed, I presume there would be another deed made; that would be my way of doing business."

The fact that the grantor, the subscribing witness, and the officer taking the acknowledgment have no recollection of the original deed does not outweigh the direct and positive testimony of Norcross, Emery, and Moore, who saw the deed in question. The testimony of these three witnesses is certainly ample upon which to predicate a finding that Mrs. Noxon conveyed the lots to Norcross in December prior to the rendition of the judgment against her in favor of Tootle, Hosea & Co. The original deed was sufficiently executed and acknowledged to have entitled the same to be admitted to record, notwithstanding it was irregularly witnessed. Whether this statement is strictly accurate or not is not important in this case, for a deed to real estate, executed, acknowledged, and delivered

Pearson v. Davis.

by the grantor, is valid as between the parties to it, although the same is not witnessed. (*Kittle v. St. John*, 10 Neb., 605; *Missouri Valley Land Co. v. Bushnell*, 11 Neb., 192; *Harrison v. McWhirter*, 12 Neb., 152; *Weaver v. Coumbe*, 15 Neb., 167.) Under the foregoing decisions the original deed was sufficient to pass the title from Mrs. Noxon to her grantee, Norcross. That the judgment was rendered and the transcript filed prior to the rendition of the deed from Noxon to Norcross cuts no figure in the case. It is the established doctrine of this state that the lien of a judgment attaches merely to the actual interest of the judgment debtor in the land, and is subordinate to every equity existing against the debtor at the date the lien attaches. If the debtor has conveyed his real estate prior to date of the judgment, there is no lien, even though the grantee did not place his conveyance upon record until after judgment. (*Galway v. Malchow*, 7 Neb., 285; *Dorsey v. Hall*, 7 Neb., 460; *Berkley v. Lamb*, 8 Neb., 399; *Leonard v. White Cloud Ferry Co.*, 11 Neb., 340; *Mansfield v. Gregory*, 11 Neb., 297; *Courtnay v. Parker*, 21 Neb., 582; *Dewey v. Walton*, 31 Neb., 824.) Norcross having purchased and paid for these lots in December, 1884, according to the undisputed testimony, and having received his deed for the same, Mrs. Noxon had no interest in the premises when the transcript was filed upon which a lien could attach. The decree of the court below was right and is

AFFIRMED.