D. E. HOLMES, APPELLEE, V. ELSIE E. HULL, APPELLANT, ET AL.

FILED FEBRUARY 16, 1897.   No. 7003.

1. **Mortgages: ACKNOWLEDGMENT: WITNESSES.** A mortgage upon real estate, other than the homestead, executed and delivered by the mortgagors is valid between the parties and those having knowledge of its existence, although not lawfully acknowledged or witnessed.

2. **Married Women: MORTGAGES.** A married woman may, by a mortgage duly executed and delivered, bind her separate property for the payment of a loan of money made to her husband, to the extent of the property covered by such mortgage.

3. ———: ———: CONSIDERATION. The loan to the husband is a sufficient consideration for the execution of the mortgage.

APPEAL from the district court of Kearney county. Heard below before BEALL, J. *Affirmed.*

*J. L. McPheely, G. L. Godfrey,* and *J. M. Stewart,* **for appellant.**

*Ed L. Adams, contra.*

NORVAL, J.

The defendants are wife and husband. The defendant husband borrowed of plaintiff, through his agent, J. A. Cline, the sum of $2,500, which loan was evidenced by promissory notes signed by both husband and wife, and the payment thereof was secured by a real estate mort-

gage given by them upon the separate property of the wife. Plaintiff's agent had full knowledge of the ownership of the mortgaged property at the time the loan was negotiated, and the money was paid over to the husband. No portion of the $2,500 ever came into the hands of the wife, nor was any part thereof used or expended in any way whatever for the benefit or improvement of her separate estate, trade, or business. From a decree foreclosing said mortgage the wife appeals.

It is urged that the mortgage is invalid, because the execution thereof was not witnessed by a competent person, and that the notary who certified to the acknowledgment was disqualified to act by reason of his being the agent of the lender. The sole witness to the execution of the instrument was the said J. A. Cline, and he was likewise the officer who took the acknowledgment. Whether the fact that Mr. Cline was the agent of the mortgagee in making the loan is sufficient to render him incompetent to either witness the mortgage or take the acknowledgment it is unnecessary to decide, although it would seem that the decisions of this court would justify the conclusion that Mr. Cline did not possess such an interest in the subject of the instrument as to disqualify him from signing as a witness or taking the acknowledgment of the mortgagors. (See *Child v. Baker*, 24 Neb., 188; *Horbach v. Tyrrell*, 48 Neb., 514; *Havemeyer v. Dahn*, 48 Neb., 536.) It is neither alleged nor proved that the mortgaged premises were at the time occupied by the defendants as a homestead. The evidence shows the opposite to be the fact; therefore the acknowledgment of the mortgage by them before an officer empowered by law so to do was not essential to the validity of the instrument. It was valid as between the parties though it had never been witnessed or acknowledged. This doctrine has been too frequently asserted by this court to require more than the citation of the cases in which it has been announced. (*Burbank v. Ellis*, 7 Neb., 156; *Kittle v. St. John*, 10 Neb., 605; *Green v. Gross*, 12 Neb., 123; *Harrison v.*

46

*McWhirter*, 12 Neb., 152; *Missouri Valley Land Co. v. Bushnell*, 11 Neb., 192; *Keeling v. Hoyt*, 31 Neb., 453; *Connell v. Galligher*, 39 Neb., 793; *Pearson v. Davis*, 41 Neb., 608.) The evidence is clear and undisputed that Elsie E. Hull signed the notes and mortgage, but whether she executed them with her free and voluntary act the witnesses do not agree. Each of the defendants testified that she signed them under protest, while Mr. Cline's testimony is quite emphatic that the execution of the papers on her part was entirely free and voluntary, and without any compulsion or coercion on the part of any one. The finding of the court as to the execution and delivery of the mortgage being sustained by sufficient evidence, it will not be disturbed.

It remains to be considered whether the plea of coverture is a good defense against this mortgage. Stated differently, is a wife's separate estate liable for the payment of a mortgage executed by her to secure the payment of a loan obtained by her husband for his own use and benefit, when no part of the money thus procured was expended in and about her separate estate, trade, or business? The statute of this state relative to married women has been frequently before this court for consideration, but it is unnecessary for us to review the decisions on the subject at this time. Appellee strenuously insists that the statute does not confer upon a married woman an unrestricted power to enter into contracts, but the right to do so is confined to those made with reference to and upon the faith and credit of her separate property, trade, or business. Counsel for appellant do not controvert the soundness of the rule just stated, but they insist that a contract is not made in reference to a married woman's separate estate, trade, or business unless such contract related to or concerned the same, and that the consideration passed to her for the benefit of her separate property, trade, or business. If the question was an open one in this state the writer would be inclined to adopt that as the proper construction of the statute, but the

point has been set at rest by judicial construction of so long standing as to bar our investigating the subject anew. It has been decided that a married woman may, by mortgage duly executed and delivered, bind her individual property for the payment of another's debt, to the extent of the property covered by such mortgage. (*Stevenson v. Craig*, 12 Neb., 464; *Nelson v. Bevins*, 19 Neb., 715; *Buffalo County Nat. Bank v. Sharpe*, 40 Neb., 123; *Watts v. Gantt*, 42 Neb., 869.) The loan to the husband was a sufficient consideration for the mortgage, and it having been made upon the faith and credit of Mrs. Hull's individual property, the same is liable for its payment. The decree will be

AFFIRMED.