JULIA M. PROUT ET AL. V. WILLIAM BURKE ET AL.

FILED MARCH 17, 1897. No. 7098.

1. **Mortgages: PURCHASE MONEY: HOMESTEAD.** A mortgage given by the wife, at the time of the purchase of real estate, to secure the unpaid purchase money is valid security, though not signed by the husband, notwithstanding the property was purchased for, and occupied as, a family homestead.

2. ———: EXECUTION. A mortgage upon real estate other than the homestead, executed and delivered, is valid between the parties although not lawfully acknowledged or witnessed. (*Holmes v. Hull,* 50 Neb., 656.

ERROR from the district court of Gage county.    Tried below before BUSH, J.    *Affirmed.*

*J. E. Cobbey,* for plaintiffs in error.

*J. H. Broady, contra.*

NORVAL, J.

This was an action by William Burke against Julia M. Prout and others to foreclose a real estate mortgage, in which there was a decree in favor of the plaintiff, as well as for the defendant Andrew S. Holladay on his cross-petition.    The defendants, Julia M. Prout and Frank N. Prout, have brought the case to this court for review.

It is made to appear in the record that the defendant Holladay was the owner of lots 7 and 8, in block 31, of Cropsey's Addition to the city of Beatrice, but the title to the same was held in trust for him by one George H. Collins.    In June, 1889, Julia M. Prout purchased said real estate of said Holladay, through one J. C. Fletcher, his agent, for the agreed price of $3,250, of which sum she was to pay $500 in cash, assume a mortgage on the premises for $600, and give her seven promissory notes for the balance of the purchase price, six for $300 each and one for $350, the notes to be secured by a lien upon the premises.    She gave notes bearing date June 15, 1889, and to secure the same she executed and acknowledged a mortgage covering the property purchased before the said Fletcher, as a notary public, and which mortgage contained a recitation that it was given to secure the part payment of the purchase money, and it was filed for record August 7.    Holladay caused Collins to execute a deed conveying the lots to Mrs. Prout, this deed bearing date of June 1, 1889, and the same was recorded on August 15 following.    At the time the mortgage was executed and delivered, Mrs. Prout, her husband, and their daughter were in possession of the premises, and they have ever since occupied the same as their homestead.

Plaintiff, as assignee of two of the notes, instituted this action to foreclose the mortgage, alleging in his petition, *inter alia*, that the notes and mortgages were for the unpaid purchase money on the premises. The defendant Holladay filed a cross-petition in the case praying a foreclosure as to the notes held by himself and secured by the same mortgage. It further appears that whilst the deed and mortgage bear different dates, they were both executed and delivered as parts of one and the same transaction. It is insisted by the unsuccessful defendants that the mortgage is void because it was not executed and acknowledged by Frank N. Prout, the husband of the mortgagor. Sections 3 and 4 of chapter 36, Compiled Statutes, entitled "Homesteads," read as follows:

"Sec. 3. The homestead is subject to execution or forced sale in satisfaction of judgments obtained: First—On debts secured by mechanics', laborers', or vendors' liens upon the premises. Second—On debts secured by mortgages upon the premises, executed and acknowledged by both husband and wife, or an unmarried claimant.

"Sec. 4. The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife."

It is perfectly plain that under the foregoing provisions a mortgage on a homestead of a married person is invalid unless the instrument is executed and acknowledged by the husband and wife, and this court has by an unbroken line of decisions so construed the statute. (*Bonorden v. Kriz*, 13 Neb., 121; *Aultman v. Jenkins*, 19 Neb., 209; *Swift v. Dewey*, 20 Neb., 107; *Larson v. Butts*, 22 Neb., 370; *McCreery v. Schaffer*, 26 Neb., 173; *Betts v. Sims*, 25 Neb., 166; *Whitlock v. Gosson*, 35 Neb., 833; *Clarke v. Koenig*, 36 Neb., 572.) It therefore follows that this mortgage is void and of no force and effect whatever, if the homestead right of the Prouts had attached to the property at the time the mortgage was executed and acknowledged, since

it was signed alone by the wife and not by the husband.
But no homestead right existed in the complaining de-
fendants at the time the mortgage was given, inasmuch
as the purchase of the premises and the execution of the
mortgage thereon for the unpaid purchase money were
parts of the same transaction, so that Mrs. Prout acquired
the title to these lots subject to the lien of this mortgage
thereon.   Of necessity such lien must have priority over
the homestead right, since such right could not exist until
after the purchase was effected. ˙ In other words, that a
homestead is not acquired within the meaning of the
statute until the claimant has obtained title of some kind
to the land, or, at least, has so complied with the contract
of purchase as to be in a position to demand title.   It has
been held that a mortgage given to secure the unpaid pur-
chase money of land executed simultaneously with the
deed takes precedence of a judgment against the mort-
gagor.   (*Curtis v. Root,* 20 Ill., 57; Thompson, Homestead
& Exemption Laws, sec. 333.)   Upon the same principle
a mortgage given by a wife for the purchase money, deliv-
ered at the time of the purchase, is not invalid because not
executed and acknowledged by the husband.   The follow-
ing authorities so hold: Thompson, Homestead & Ex-
emption Laws, secs. 333, 343, 262; Waples, Homesteads &
Exemptions, 352; *Christy v. Dyer,* 14 Ia., 438; *Burnap v.
Cook,* 16 Ia., 149; *Pratt v. Topeka Bank,* 12 Kan., 570; *Kim-
ble v. Estworthy,* 6 Bradw. [Ill. App.], 517; *Andrews v. Al-
corn,* 13 Kan., 351; *Greene v. Barnard,* 18 Kan., 518; *Am-
phlett v. Hibbard,* 29 Mich., 298; *Roy v. Clarke,* 75 Tex., 28;
1 Jones, Mortgages, sec. 468.)   The notes, mortgage, and
deed were executed on different dates; but this is im-
material.   They were not effective until delivery.   The
evidence adduced does not clearly disclose the dates of
delivery.   Should we accept the dates of recording the
mortgage and deed as the true times of delivery, then the
mortgage has priority in point of time.   However, it is
shown that the papers were intended by the parties to be,
and were in fact, parts of the same transaction, the mort-

gage must, in legal effect, be regarded as having been executed and delivered simultaneously with the deed of purchase, and therefore it was not necessary that Mr. Prout should have joined in the execution of the mortgage to subject the premises to its payment.

It is also urged that the mortgage is invalid because its execution was witnessed by, and was acknowledged before, J. C. Fletcher, the agent of the mortgagee. If the homestead right had not attached when the mortgage was executed, as we have already determined, it was wholly immaterial whether it was witnessed or acknowledged or not. (*Holmes v. Hull*, 50 Neb., 656.) The decree is

AFFIRMED.