Belknap, }
Feb. 4, 1908. }

## ANDERSEN v. YOUNG.

Where want of consideration is relied upon as a defence to an action upon a promissory note, it is incumbent upon the defendant to establish a total failure of consideration, in the absence of a special plea or brief statement alleging facts which show a partial failure.

The fact that a deed of land is ineffectual to pass title thereto by reason of a defect in its execution does not establish a total failure of consideration for a note given for the purchase price, if the deed constitutes a memorandum of the contract of purchase sufficient to entitle the grantee to a decree for specific performance.

Where a contract for the sale of land is executed on the part of the purchaser by the payment of the price, it is not necessary that the memorandum of the transaction required by the statute of frauds should state the precise sum paid, if payment is acknowledged therein.

ASSUMPSIT, on a promissory note. Plea, the general issue. Trial by the court. Transferred from the March term, 1907, of the superior court by *Chamberlin*, J.

*Ira A. Chase* and *Stephen S. Jewett*, for the plaintiff.

*Walter S. Peaslee* and *Charles B. Hibbard*, for the defendant.

BINGHAM, J. This action was brought to recover the sum due on a promissory note given by the defendant in part payment for two lots of land situated in the state of Nebraska. The plea was the general issue. The defence under it was a total failure of consideration. No special plea or brief statement alleging facts showing a partial failure of consideration was filed. *Jones* v. *Houghton*, 61 N. H. 51; P. S., c. 202, s. 7. It was therefore incumbent upon the defendant to establish a total failure of consideration. *Fletcher* v. *Chase*, 16 N. H. 38, 40. The case states that "there was no failure of consideration unless such failure is the legal result of the facts herein found." It appeared that prior to May 1, 1894, one Campbell was the owner of the land, which was unimproved, vacant house-lots, and that on that day the plaintiff paid him $500 and received therefor his warranty deed of the lots, with the name of the grantee left in blank, and verbal authority to insert the name of the grantee when he procured a purchaser. The plaintiff was the only witness to the deed, and, as a commissioner for the state of Nebraska authorized to take the acknowledgment of deeds, took the acknowledgment. Shortly after receiv-

ing the deed, the plaintiff effected a sale of the land to the defendant, and inserted his name as grantee in the deed and delivered it to him. Before delivering it he explained to the defendant how the name of the grantee came to be left in blank and that he was authorized to fill it up; in fact, he informed the defendant of everything he knew relating to the execution of the deed, and there was no fraud and no attempt to deceive him. According to the law of Nebraska, which the trial court found as a fact, a person interested in a deed or the property conveyed by it is an incompetent witness, and a deed so witnessed conveys no title. It was also found that at the time the plaintiff wrote in the name of the grantee he was the equitable owner of the land. Whether this finding is one of fact, or a conclusion of law from facts found, we need not inquire. It will be assumed that the plaintiff was interested in the land and was an incompetent witness to the deed. The question then is, whether it follows as a legal consequence from the above facts that there was a total failure of consideration for the note in suit.

It should, perhaps, be said before proceeding further that the finding of the trial court as to the law of Nebraska, in the broad sense in which it is stated, is probably incorrect. In *Pearson* v. *Davis*, 41 Neb. 608, 611, 612, it is said that "a deed to real estate, executed, acknowledged, and delivered by the grantor, is valid as between the parties to it, although the same is not witnessed." If a deed is valid as between the parties to it when not witnessed, it would seem that it would not be rendered invalid, as between them, by being witnessed by a person who was incompetent. The decision in *Child* v. *Baker*, 24 Neb. 188, 201, upon which, as we infer from the defendant's second brief, the finding of the trial court was based, did not involve a consideration of rights existing between grantor and grantee in a deed, but of rights between a grantee and a subsequent purchaser from the same grantor; and, when read in the light of the decision in *Pearson* v. *Davis*, probably only stands for the proposition that the record of a prior deed which is attested by an incompetent witness is not constructive notice as against a subsequent grantee from the same grantor. If, however, the subject-matter of the conveyance had been a homestead right, the finding of the court would undoubtedly have been correct; for under the law of Nebraska a deed of a homestead is void and passes no title, even as between the parties to it, unless it is attested by a competent witness and acknowledged before a disinterested magistrate. *Horbach* v. *Tyrrell*, 48 Neb. 514; *Holmes* v. *Hull*, 50 Neb. 656; *Prout* v. *Burke*, 51 Neb. 24; *Linton* v. *Cooper*, 53 Neb. 400, 408.

But if we assume that the law as found is, as between the par-

ties, applicable to a deed of unimproved land, it does not necessarily follow, because the deed is ineffectual to pass either the legal or equitable title, that the defendant obtained nothing of value, and that there is a total failure of consideration for the note. In *Doe* v. *Doe*, 37 N. H. 268, which was a bill in equity asking, among other things, for a decree confirming and assuring title to a farm in Tamworth, it appeared that the defendant, Benjamin Doe, owned the farm and in 1834 executed a deed of it to the plaintiff, attested by only one witness; that upon receiving the deed in the spring of 1834, the plaintiff went into possession of the farm and continued in the possession and occupation of it until October, 1838, when he conveyed it to a purchaser who entered and made valuable improvements upon it; and that it was this title which the plaintiff sought to have confirmed. The act of June 29, 1829, relating to the execution of deeds, was then in force and required that a deed should be signed and sealed by the grantor, attested by two or more witnesses, and acknowledged; and it was held that under this act a deed attested by one witness only was inoperative even as against the grantor. The reasoning of the court was as follows: "By the express terms of the act, the attestation by two witnesses is made essential to render the deed 'effectual to hold the land.' Without such attestation it is equally ineffectual, *ex proprio vigore*, to give an equitable title as to pass the legal. Considered as a conveyance 'to hold the land,' whether by way of the legal or of an equitable estate, it is utterly void." It then goes on to say, that while the mere fact that the defendant intended and attempted to make a valid conveyance is no ground, of itself, for a decree that the defendant should now execute a valid conveyance, equity would grant him the relief asked for should he show he was a purchaser for value; that "the deed itself, expressing a consideration paid, might perhaps be evidence of a purchase for value," but as the answer denied "an agreement to convey and all consideration for a conveyance, . . . this denial . . . is to stand unless overthrown by plenary proof." The court then assumes that the plaintiff may upon a further hearing be able to show that he agreed with the defendant for the purchase of the farm for a valuable consideration which he has executed wholly or in part, and holds that upon such a showing he would be entitled to a decree confirming the legal title to the farm in him or his grantee.

It will be noted that this decision proceeds upon the theory, that if the plaintiff paid a valuable consideration for the farm in pursuance of a contract of purchase, and he or his grantees entered into possession and made valuable improvements, the contract would not be within the provisions of the statute of frauds and

would be enforceable in equity. It may therefore be considered an authority for the proposition, that notwithstanding a deed of land may, as between the parties to it, be invalid to convey title, legal or equitable, because, under a statute regulating conveyances by deed, two witnesses are essential to its taking effect as a deed, nevertheless, as the instrument expresses a consideration paid, it may be evidence of a purchase for value; and that if a contract of purchase and a payment of a valuable consideration are proved, and valuable improvements are shown to have been made, equity will decree a conveyance of the legal title, no rights of innocent purchasers for value having intervened. Has the defendant shown such a state of facts as will preclude him from invoking this equitable remedy? If he has not, he has failed to make out his defence.

It does not appear that any rights of innocent third parties have intervened; but it does appear that the plaintiff procured an irrevocable power of attorney from Campbell to sell the lots, that in pursuance of it he effected a contract of sale with the defendant, that the defendant has executed the contract on his part by the payment of a valuable consideration, and that Campbell has executed a warranty deed of the lots. It is to be presumed that the deed was in the ordinary form. This being so, it stated a consideration for the purchase, acknowledged its receipt, and described the subject-matter of the sale. Although the deed was executed in blank as to the grantee, the defendant's name as one of the contracting parties was inserted before the deed was delivered, and this was done with the defendant's knowledge and with the authority of Campbell. It seems, therefore, that the deed is a sufficient memorandum to identify the parties and the subject-matter of the contract, within the requirements of the statute of frauds. *Gardels* v. *Kloke*, 36 Neb. 493. It would even have been sufficient as a deed under the law of Nebraska to convey the legal title if it had been properly witnessed; for according to the law of that state, if an owner of land delivers to his agent a deed thereof executed in blank as to the grantee, with authority express or implied to insert the name of the purchaser and perfect the conveyance, and he does so in good faith, the title will be conveyed. *Garland* v. *Wells*, 15 Neb. 298.

The defendant further contends that the memorandum required by the statute of frauds must be sufficient not only to identify the parties and the land, but also the price, without a resort to parol evidence; and that while it may be presumed that the deed states a consideration and acknowledges its receipt, such a statement is not a statement of the agreed price and as such conclusive upon the parties. An objection similar to this was interposed in the

case of *Fugate* v. *Hosford*, 3 Littell 262, where the memorandum did not state the price, but contained a statement acknowledging that the vendor had "received value in full," and the court in answer to the objection said: "Where the contract is executory on both sides, it is doubtless necessary that the land sold and the price should be both evidenced by some memorandum in writing and signed by the party to be charged, as the statute requires; but where the contract is executed on the part of the purchaser, by the payment of the price, and that fact is evinced by written evidence, as in this case, it would seem, according to the reason of the thing, sufficient, without stating the precise price. There is in such a case nothing to be ascertained by parol proof, for the purpose of enforcing such a contract; and, of course, the danger of frauds and perjuries in setting up parol agreements, to guard against which was the object of the statute, is not in such a case to be apprehended. We cannot, therefore, think that the statute constitutes a good defence." To the same effect see: *Sayward* v. *Gardner*, 5 Wash. 247, 255; 2 Reed St. Fr., s. 593; 20 Cyc. 269, note 62.

As the deed is a sufficient memorandum of the contract of purchase to entitle the defendant in a court of equity to a decree for specific performance, he has failed to establish a total failure of consideration.

Having failed to make out this defence, the defendant further contends that, inasmuch as he has not obtained all that he contracted for, it would be inequitable to allow the plaintiff to recover the amount of the note and interest, and that he should be relieved from paying the note upon filing in court a reconveyance of such title as he has received. Whether it would be equitable to permit him to do this (*Towle* v. *Lawrence*, 59 N. H. 501; *Nelson* v. *Hall*, 60 N. H. 274; *Wiswall* v. *Harriman*, 62 N. H. 671), or whether, as the defect in his title is due to a faulty execution of the deed and not to a want of title in the grantor, it would be more equitable to permit the plaintiff to have judgment upon filing in court a deed of the land properly executed (*Hobbs* v. *Hobbs*, 58 N. H. 81), is not found. When this fact is found, and a deed is filed in compliance with it, the superior court will enter judgment accordingly.

*Case discharged.*

All concurred.