KENNETH MITZNER ET AL., APPELLANTS, v. IRMA A. PUTNAM ET AL., APPELLEES.

185 N. W. 2d 665

Filed April 9, 1971. No. 37727.

A. Michael Alesio and Beynon, Hecht & Fahrnbruch, for appellants.

Andrew J. McMullen, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

WHITE, C. J.

This is an appeal from a district court judgment dismissing plaintiffs' petition for foreclosure of first and second real estate mortgages on land owned by the defendant Irma Putnam. Richard and Betty Putnam are only nominal defendants in this appeal and, therefore, Irma Putnam will hereinafter be referred to as the defendant. We reverse the judgment of the trial court.

Kenneth Mitzner, co-plaintiff with his wife, Marianne, is a professional bail bondsman. In late July or early August of 1964, defendant contacted Mitzner and requested that he write a bail bond for her son, Stanley Putnam. Two bonds were needed by the defendant, one for $10,000 to guarantee her son's appearance for a trial in Dodge County and one in the amount of $1,000 for a separate trial in northwestern Nebraska. Mitzner asked for and received indemnity agreements and promissory notes from the defendant, as well as a first and second mortgage on defendant's real property. This was done to secure the bond premiums, any expenses Mitzner might incur, and the face amount of the bonds in the event they were forfeited. The mortgages were in the amounts of $1,550 and $11,000 respectively, and were payable on demand. The mortgages were originally given to Kenneth Mitzner alone who assigned them to the Commonwealth Company of Lincoln, Nebraska. They were subsequently reassigned, however, to Kenneth and Marianne Mitzner on September 26, 1968. When defendant failed to pay principal and interest due on the notes and mortgages, plaintiffs instituted this action to foreclose both mortgages.

Plaintiffs admit that no notary was present when the mortgages were executed, although both instruments were subsequently notarized by Mitzner's secretary. Since the defendant never went before the notary and declared the executed instruments to be her act or deed, they were not properly acknowledged. See, Aultman & Taylor Co. v. Jenkins, 19 Neb. 209, 27 N. W. 117 (1886). The trial court dismissed plaintiffs' petition because of this lack of acknowledgment and because the court was under the impression that there was no record of a reassignment of the mortgages by the Commonwealth Company to plaintiffs.

Defendant contends that the trial court's decision must be upheld because there was no evidence in the trial itself that the mortgages had been reassigned to the plaintiffs by the Commonwealth Company. The record shows that the reassignment was not admitted into evidence until the day that the motion for a new trial was heard. This was after the trial court had ruled that plaintiffs' petition had to be dismissed because of a lack of acknowledgment and because plaintiffs apparently had no interest in the case. During the trial, however, plaintiffs possessed the notes and mortgages and produced them to the court, uncanceled and unextinguished.

Upon receiving the reassignment evidence and hearing the plaintiffs' motion, the trial court made this journal entry: "Now on this 5th day of June, 1970, this matter came on for hearing on the motion for new trial. On the basis of the evidence offered on the assignment, the Court finds that had it been offered at the time of trial, one of the reasons for the Court holding for the Defendant would have been eliminated. The complaint made in the motion for new trial that certain evidence was not received for the purpose of disposing of this motion; the Court is assuming that said exhibits should have been received and that the assignment was offered in time. The Court's ruling on the Defendant's motion

for a judgment of dismissal at the conclusion of the Plaintiffs' evidence would still be the same and it is still the same and *the motion for new trial is denied on the basis that the mortgage was never properly executed.*" (Emphasis supplied.) From this it is clear that the real basis for the trial court's dismissal of plaintiffs' petition was that the mortgages were not properly acknowledged. However, even if this were not the case, the fact that the mortgages were in the possession of the plaintiffs and were produced at the time of trial was prima facie evidence of plaintiffs' ownership. Western Securities Co. v. Naughton, 124 Neb. 702, 248 N. W. 56 (1933). Thus, if defendant is to prevail it must be on the ground that the mortgages were not properly acknowledged.

A mortgage upon real estate, *other than the homestead,* executed and delivered by the mortgagor is valid between the parties, even though it was not lawfully acknowledged or witnessed. Holmes v. Hull, 50 Neb. 656, 70 N. W. 241 (1897); Prout v. Burke, 51 Neb. 24, 70 N. W. 512 (1897); Mazanec v. Lincoln Bonding & Ins. Co., 169 Neb. 629, 100 N. W. 2d 881 (1960). It was neither alleged nor proved by the defendant that she occupied the mortgaged premises as a homestead. In fact, no evidence whatsoever was given by the defendant. The homestead law should not be so construed as to protect land which apparently has not only never been occupied as a homestead, but concerning which the testimony fails to show even an intent to so occupy it in the future. Clements, Bane & Co. v. Kopietz, 2 Neb. (Unof.) 18, 95 N. W. 1126 (1901). The mortgages are valid as between the parties and the trial court should have so held.

For the reasons given, the judgment of the trial court must be reversed and the cause remanded with directions to enter a decree for foreclosure.

REVERSED AND REMANDED WITH DIRECTIONS.