PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, APPELLEE, v. GARY DON HOLLIDAY ET AL., APPELLEES, IMPLEADED WITH JOHN CLAYTON SPENCER, A SINGLE MAN, ET AL., APPELLANTS.

214 N. W. 2d 273

Filed January 18, 1974. No. 39064.

Padley & Dudden and David T. Schroeder, for appellants.

Quigley, Dill & Quigley, for appellee Prudential Ins. Co.

Murphy, Pedersen & Piccolo and Allan F. Black, for appellee Broken Bow Production Credit Assn.

Thomas L. Anderson, for appellees Holliday et al.

Heard before WHITE, C. J., BOSLAUGH, and McCOWN, JJ., and TESAR and HAMILTON, District Judges.

HAMILTON, District Judge.

This action was brought to foreclose a real estate mortgage. The land involved is a ranch located principally in Cherry County and a small portion in Thomas County, Nebraska. The District Court entered a decree of foreclosure in favor of the Prudential Insurance Company of America on its first mortgage.

The controversy which is the subject of this appeal concerns the validity of the District Court's supplemental decree of foreclosure, finding that the mortgage of Broken Bow Production Credit Association of Broken Bow was second in line of priority and superior to the claim of appellants.

The ranch in question was owned by Betty Lou Holliday, Sally Leone Armstrong, formerly Sally Leone Spencer, and John Spencer, who took title to said real estate under the provisions of their father's will. Each party owned an undivided one-third interest. The ranch was operated by Betty Lou Holliday and her husband, Gary Don, under a lease and guarantee arrangement entered into in 1966 between the owners and not filed of record until September 28, 1971, subsequent to the filing of the foreclosure action by Prudential Insurance Company.

On or about the 31st day of March 1970, the defendants Gary Don Holliday and Betty Lou Holliday, husband and wife, and John Spencer, a single man, being the owners of an undivided two-thirds interest in the ranch, executed and delivered to Broken Bow Production Credit Association, a real estate mortgage. It is undisputed that the mortgage was signed and acknowledged by the Hollidays. It is undisputed that the mortgage was signed but not acknowledged by John Spencer.

The mortgage was filed of record in Cherry County, Nebraska, on the 1st day of April 1970, and on the 7th

day of April 1970, the mortgage was filed of record in Thomas County, Nebraska.

It is contended by the appellants that the mortgage was not properly acknowledged and void and therefore not properly recorded. Appellants contend that their lease and guarantee contract therefore takes priority as between the parties since the recordation of said mortgage was invalid, and the recording of a void instrument does not impart notice of its contents.

In 1 C. J. S., Acknowledgments, § 33, p. 813, it is said: "Where an instrument is executed by several parties, the acknowledgment by one is, in the absence of a contrary provision of the statute, sufficient as to its validity and recordability as to him." The real estate mortgage to Broken Bow Production Credit Association having been properly executed and acknowledged by the Hollidays, was entitled to be recorded. Where a real estate mortgage is acknowledged by some mortgagors, but not all, the mortgage is entitled to be recorded and upon recording is constructive notice of the interest of those persons who acknowledged the instrument, and the priorities that are attendant therewith. Bell v. Sage, 60 Cal. App. 149, 212 P. 404.

There is evidence in the record that Sally Leone Armstrong had actual and constructive knowledge that the Hollidays had executed the real estate mortgage, and as to the Hollidays' undivided one-third interest, the mortgage had priority and was superior to any claim of indebtedness from Hollidays to Sally Leone Armstrong arising out of the lease and guarantee contract.

Appellants complain that the mortgage was void as to John Spencer for lack of acknowledgment. They also claim that John Spencer did not read the mortgage, and was mislead as to the nature and effect of the note and mortgage obligation. In Mitzner v. Putnam, 186 Neb. 664, 185 N. W. 2d 665, it was held that a mortgage upon real estate, other than the homestead, executed

and delivered by the mortgagor is valid between the parties, even though it was not lawfully acknowledged. See, also, Holmes v. Hull, 50 Neb. 656, 70 N. W. 241; Prout v. Burke, 51 Neb. 24, 70 N. W. 512; Mazanec v. Lincoln Bonding & Ins. Co., 169 Neb. 629, 100 N. W. 2d 881.

The evidence shows that John Spencer signed the mortgage at Oakland, Iowa, in the presence of, and at the request of, the Hollidays. Claim is made that his signature was obtained upon the oral representation made to John Spencer by Hollidays, that his liability under the note and mortgage would cease upon certain conditions occurring in the future. The alleged conditions were not contained in the note or mortgage, and there is no evidence to show that the Hollidays were ever authorized to act as agents of the Association.

As a general rule every person of mature age, able to read and write, who has an opportunity to read an instrument, and executes the same is presumed to know the contents of instruments signed and is estopped from denying the contents thereof. Shanle v. Busch, 134 Neb. 903, 280 N. W. 174; 28 Am. Jur. 2d, Estoppel and Waiver, § 66, p. 691; 17 Am. Jur. 2d, Contracts, § 149, p. 498.

The trial court found there was no proof of fraud on the part of Broken Bow Production Credit Association with regard to the transactions, or signing of instruments, and that said Association had no knowledge, actual or constructive, of the lease and guarantee agreement executed between the owners of the ranch. Under such circumstances with conflicting evidence the findings of the trial court will not be disturbed on appeal, unless clearly wrong, since the court had the opportunity to observe the witnesses and judge their credibility. The mortgage was valid between the parties and effective against the two-thirds interest in the real estate of the Hollidays and John Spencer.

The judgment of the District Court was correct in all respects and is affirmed.

AFFIRMED.